**Robert J. HAYES**

v.

**BILL HALEY AND HIS COMETS, INC.**

**Civ. A. No. 31164.**

United States District Court
E. D. Pennsylvania.

Oct. 4, 1967.

See also D.C., 32 F.R.D. 323.

Joseph F. Mulcahy, Jr., Chester, Pa., for plaintiff.

No appearance, for defendant.

## FINDINGS OF FACT, DISCUSSION, CONCLUSIONS OF LAW, AND ORDER

WOOD, District Judge.

This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. to recover unpaid minimum wages and overtime compensation, plus an equal amount designated by the Act as liquidated damages plus reasonable attorney's fees and costs. After a trial

without a jury wherein defendant did not appear through counsel or through anyone else, we make the following:

## FINDINGS OF FACT

1. Plaintiff, Robert J. Hayes, was employed by defendant Bill Haley and His Comets, Inc. from April 3, 1959 to March 31, 1961.

2. Defendant was the corporate cover for a popular band headed by Haley during this period of time. It was primarily engaged in the business of musical entertainment and recorded phonograph records.

3. The band travelled in interstate commerce extensively to perform and plaintiff travelled with it. The records were sold in interstate commerce.

4. Plaintiff was employed to act as a personal assistant to the band leader, Bill Haley, who was the chief officer of the corporation. His duties were to accompany Haley, act generally at his behest, and be available at odd hours for conversation. He also arranged for room and board for the band while on a trip, ensured the availability of the musical instruments for engagements and repacked them.

5. Plaintiff averaged seventy hours a week at his job. His wage rate commencing at $200.00 per week was increased to $300.00 per week on March 18, 1960 and again was increased during the week of November 25, 1960 to $400.00 per week and there remained until plaintiff left defendant's employ. The salary was intended to cover all hours that Hayes worked.

6. Plaintiff could not hire or fire, nor was he a supervisor. His primary duties were not related to management policies or general business operations of defendant and he exercised no discretion or business judgment.

7. Plaintiff on many occasions was not paid his full salary and during other weeks was not paid at all.

## DISCUSSION

The only questions for disposal are the method of computing the actual damages and what if any damages over and above compensatory are to be allowed. Section 6 of the F.L.S.A. provides that minimum hourly wages must be paid to certain employees in interstate commerce. Section 7 provides that an employer must compensate an employee in any work week longer than forty hours at a rate not less than one-and-one-half times the regular rate at which he is employed.

The regular rate is the hourly rate at which the employee is actually paid for each week's work. Bay Ridge Operating Co., Inc. v. Aaron, 334 U.S. 446, 68 S.Ct. 1186, 92 L.Ed. 1502 (1948). The regular hourly rate of pay is determined by dividing the total remuneration for employment in any workweek by the total number of hours actually worked by an employee in that workweek for which such compensation was paid. Overnight Motor Transportation Co., Inc. v. Missel, 316 U.S. 572, 579, 62 S.Ct. 1216, 86 L. Ed. 1682 (1942). Overtime can easily be computed then by multiplying the number of hours over forty by one-and-one-half times the regular rate. Overnight Motor Transportation Co., Inc. v. Missel, 316 U.S. 572, 62 S.Ct. 1216 (1942). The addition of the contractual wage and the product of the number of hours over forty times one-half the regular rate is the total compensation due to the employee. Plaintiff admits that defendant is liable for minimum wage and overtime violations only from March 14, 1960 to March 31, 1961, because of the Statute of Limitations.

This appears to be an unusual position but is also supported by the interpretation of the Administrator. See 29 C.F.R. §§ 778.109–778.114. (Revised as of 1/1/67). Any interpretations by reason of their authority constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). The weight of his judgment will of course depend on varying factors but in this case it is very persuasive because of the long history

of employers' efforts to circumvent the Act and the manifest purposes of Congress to ensure that overtime work is compensated for at one-and-one-half times the regular rate.

 Judgment for the plaintiff at the regular rate for non-overtime hours work can be justified although far above the minimum. First, the policy of the Administrator is to enforce the regular rate where there is overtime involved since the overtime rate can hardly be said to be paid until the non-overtime rate has been paid. 29 C.F.R. § 778.315. (Revised as of 1/1/67). Secondly, since the Court has jurisdiction to adjudicate the overtime claim of the plaintiff, it also has pendent jurisdiction to determine his total loss. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). F. W. Stock & Sons, Inc. v. Thompson, 194 F.2d 493 (6th Cir. 1952).

 Liquidated damages in the amount of the compensatory damages can be recovered by an employee under Section 16(b). The granting of liquidated damages is mandatory except where the employer shows to the satisfaction of the Court that his act or omission was in good faith and was based upon reasonable grounds for believing that he was not violating the Act. The decision is discretionary with the trial judge and of course depends on the circumstances of each case.

 An award of attorney's fees and costs of an action are also made to an employee if he recovers against his employer for violation of the Act. The Court is required to allow a reasonable attorney's fee in addition to the judgment entered. The amount ultimately lies on the discretion of the Court and depends generally upon the extent of the work done by counsel and the amount recovered. There was no proof at trial as to the attorney's fees and accordingly, no recovery is allowed.

The regular rate when plaintiff was earning $300.00 a week for seventy hours is $4.28 per hour. The overtime rate would be $6.43 per hour. Therefore, during the weeks when compensation was set at $300.00 per week, plaintiff was entitled to receive $364.10. When the salary was $400.00 per week, the regular rate was $5.71 per hour and the overtime rate was $8.56 per hour. Plaintiff was therefore entitled to receive $485.20 per week.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and of the subject matter of this suit.

2. Plaintiff was at all times an "employee" and defendant was at all times an "employer" under 29 U.S.C.A. § 203, and thereby both came within the purview of the Fair Labor Standards Act.

3. Plaintiff worked an average of thirty hours overtime each week.

4. Defendant is liable to plaintiff under 29 U.S.C.A. § 216(b) for all minimum wages and overtime compensation from March 14, 1960 to March 31, 1961.

5. Based on Exhibit P-2, plaintiff was during the period of time which is applicable entitled to non-overtime compensation of $13,107.60 and overtime compensation of $9,218.60 for a total of $22,326.40. During this period he received $6,175.00 from defendant. He thus is entitled to damages of $16,151.40.

6. Plaintiff is entitled to liquidated damages in an equal amount.

7. Plaintiff is entitled to recover costs of this action.

8. No affirmative defenses of exemption or exclusion were presented in the answer and there was no evidence of any statutory defense.

9. Plaintiff is not entitled to recover counsel fees.

## ORDER

And now, this 4th day of October, it is ordered that judgment is entered in favor of plaintiff Robert J. Hayes and against defendant Bill Haley and His Comets, Inc. in the sum of $32,302.80 with costs.