Christine MOORE, Flora Evans, Gloria Moore, Carole Moss, Imejean Chapman, Elizabeth Gooding, Judy Porter, Diane Shead, Shirley Shead, Linda Metcalk, Heidi Hunt, Kathryn Barnes, Doris Chappell, Gail Morgan, Joan McGee, Silvia Stubblefield, Sarah Cobb, Wilma Webb, Nanette Bryson, Susan Duncan, Ovaline Sanders, Margie Justice, Sandra Massey, Vivian M. Owens, Judy Ferguson, Fay Porter, Pat Bryant, Jimmy Hamby, Ginger Porter, Ruth Stubblefield, Gayle Duncan, Lyrlene Bearden, Hassie Worley, Mona Towe, Alma Hogan, Nell Littleton, Marvetta Jennings, Mozell Coward, Karen Craig, Treva McCall, Janie Alexander, Pattie Nabors, Bobbie Evans, Betty Evans, Wanda O'Kelley, Carolyn Owens, Margaret Porter, Utah Poston, Alicia Worley, Bobbie McCurry, Juanita Smith, Ruth Dyer, Donna Jaynes, Lois Burrell, Jennie Thompson, Lawrence Chagnon, Helen Morgan, Mary Winchester, Hazel Jeanette Chapman, Nancy Owens, Patricia Ann Holbrooks, Judy R. Rogers, and Audrey Roach, Plaintiffs,

v.

K–B–K, INCORPORATED, a corporation, Leo Borg, Rudy Kiesler, Dorothy G. Kiesler, John R. Kardos, and John W. Fields as Receiver, Defendants.

Civ. A. No. 78–1692.

United States District Court, D. South Carolina, Anderson Division.

April 16, 1979.

Lowell W. Ross, Larry C. Brandt, of Pettit, Ross, Stoudemire & Brandt, Walhalla, S. C., for plaintiffs.

Richard N. Tapp, Greenville, S. C., for Kardos, Borg, Rudy Kiesler and Dorothy G. Kiesler, K–B–K, Inc.

Glenn W. Thomason, Michael F. Mullinax, of Long, Thomason & Mullinax, Anderson, S. C., for Pilot Life Insurance Co.

MEMORANDUM OPINION

HEMPHILL, District Judge.

This is an action filed on September 27, 1978 by sixty-three employees of defendant

K–B–K, Incorporated, a South Carolina corporation. Plaintiffs in this action allege that they are due wages from defendants which were not paid over a three week period shortly before defendant corporation ceased operations in 1978, all in contravention of 29 U.S.C. § 206 and 29 U.S.C. § 216. Plaintiffs also allege that in addition to the back wages that defendants failed to remit health insurance premiums deducted from wages and as a result, the health insurance was cancelled depriving some of the employees of insurance benefits. In addition to the above two assertions, plaintiffs seek a determination as to whether vacation pay under the facts and circumstances of this case, comes within the purview of the Fair Labor Standards Act.

Plaintiffs have joined as party defendants the stockholders, officers and directors of the corporation, alleging that the corporate structure was a sham and that the individual defendants were acting and conducting business as a partnership and that the individual defendants are individually liable for the amounts claimed.

Pursuant to plaintiffs' motion, this court conducted a hearing on March 26, 1979, in which the attorney for defendants requested that all objections raised by defendants as to jurisdiction and other defenses raised be reserved. The court allowed the attorney for defendants to proceed at oral arguments without waiver of any such objections.

It appears that a compromise settlement has been offered by defendants to plaintiffs in the present matter. It was agreed that the proposed settlement would not in any way or manner prejudice either party in any fashion, nor would it prejudice either parties' legal rights if this matter is not amiably resolved.

There is no written contract between plaintiffs and defendant corporation or the individual defendants. Under the terms of the proposed settlement, all plaintiffs would receive all net wages due them for actual working time as shown by the schedule filed with the court. Defendants have also offered to pay to the employees that have made claims for health insurance benefits, the amounts due them had the insurance contract been maintained in force. The parties have agreed that such claims be determined by a representative of the South Carolina Insurance Commission or other special referee as appointed by the court. The parties have agreed that the following persons and claims as shown are the maximum amount payable:

| Doris Chappell | — | $ | 160.76 |
|---|---|---|---|
| Susan Duncan | — | $ | 273.70 |
| Patricia Holbrooks | — | $ | 609.76 |
| Margie Justice | — | $ | 5,664.20 |
| Carolyn Owens | — | $ | 37.00 |
| Juanita Smith | — | $ | 7.50 |
| Jennie Thompson | — | $ | 104.00 |

The proposed settlement is also based upon the assertion by defendants that withholding taxes, federal and state, will be paid to the Internal Revenue Service or South Carolina Tax Commission, respectively, by those responsible therefor.

Defendants contend that vacation pay even if it were established as an indebtedness is not covered by the Federal Wage and Hour Law and that any claims therefor by the employees would not be within the purview of the Federal Wage and Hour Law and that even if judgments were rendered in favor of plaintiffs for the vacation pay, that such claims would be subject to a determination of priority along with any other claims against the corporation and/or defendants by others.

In this matter it appears that all of plaintiffs are entitled to receive wages but not all of plaintiffs claim entitlement to vacation pay. Because of this conflict in interest and because of the number of parties involved in the action, the parties have submitted for determination the issue of vacation pay as to some of the plaintiffs. It is the court's understanding from counsel that plaintiffs contend that only those employees who have six months continuous service or more are entitled to vacation pay, however before the court concerns itself with this question it must first make a determination as to the initial question. Does vacation pay under the facts and circumstances of

this case, come within the purview of the Fair Labor Standards Act?

It appears that this court clearly has jurisdiction over this action by virtue of 29 U.S.C. § 216(a). It is also clear that the court has jurisdiction to hear and determine the claims for vacation pay of the employees.

> A federal district court may assert jurisdiction of a claim which is a continuation of, or incidental and ancillary to, a principal claim over which it has jurisdiction of the ancillary proceedings if it were an independent and original action or proceeding. . . . *Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd* (10th Cir. 1974) 503 F.2d 1193, 1198.

The obvious purpose of this rule is to avoid a multiplicity of actions in both state and federal court.

 The Federal Wage and Hour Law specifically confers upon the court jurisdiction to insure compliance with the provisions thereof. The provisions of the law relate to minimum wage and overtime, but a violation of those provisions vests the court with the power to determine not only the liability of the employer for minimum wages and overtime but also pendent jurisdiction to adjudicate total loss, including non-overtime work, *Hayes v. Bill Haley and His Comets, Inc.*, 274 F.Supp. 34 (D.C.Pa. 1967).

In *Marshall v. Sam Dell's Dodge Corp.*, 451 F.Supp. 294 (D.C.N.Y.1978) the Secretary of Labor brought an action against the defendant employers to enjoin them from violating the minimum wage and record-keeping requirements of the Fair Labor Standards Act and to obtain back wages on behalf of defendant's employees. The court in discussing unpaid minimum wages stated:

> The amount of back wages due to the salespersons is the deficiency between the minimum wage and the amount of pay received in each week that pay fell short of the minimum. Two adjustments must be made to this calculation: Vacation time must be considered, and interest added.

> Where defendants' pay records indicate a vacation, the employee is entitled to no recovery for that period. . . .

Also in *Pettway v. American Cast Iron Pipe Company*, 494 F.2d 211, 263 (5th Cir. 1974), although the court was concerned with a civil rights matter, it discussed what was to be included in a back pay award.

> Finally, the ingredients of back pay should include more than "straight salary". Interest, overtime, shift differentials, and fringe benefits such as vacation and sick pay are among the items which should be included in back pay. . . .

 In the case presently before the court, a classification of vacation pay would have to be one of fringe benefits. Such fringe benefits today are playing an ever more important role in the employment process. Doubtlessly a prospective employee evaluates each and every job by the amount of pay he could receive and secondly by the amount and nature of any fringe benefits, such as medical plans, vacation pay, etc., he might be entitled to if he were to take the employment. Plaintiffs here were aware of such fringe benefits when they undertook their employment and now they are entitled to receive those fringe benefits in this action for back pay.

IT IS, THEREFORE, ORDERED that in light of the court's reasoning interpreted from the scarce but applicable case law reviewed, that plaintiffs are entitled to recover all vacation pay due. The parties should determine from the employment records available to them which plaintiffs are entitled to such an award.

AND IT IS SO ORDERED.