**Anna BOLDEN**

v.

**POTAMKIN–AUERBACH CHEVROLET, INC.**

**and**

**Fidelity Consumer Discount Company, Inc.**

**Civ. A. No. 78–3465.**

United States District Court, E. D. Pennsylvania.

May 10, 1979.

---

Douglas G. Dye, Community Legal Services, Inc., Philadelphia, Pa., for Anna Bolden.

Joseph S. Finkelstein, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Potamkin-Auerbach Chevrolet, Inc.

John A. Wetzel, Wessel & Carpel, Philadelphia, Pa., for Fidelity Consumer Discount Co., Inc.

POLLAK, District Judge.

This action, brought by Anna Bolden against Potamkin Chevrolet, Inc., and Fidelity Consumer Discount Company, Inc.,[1] arises from the purchase and financing of a 1974 Chevrolet Impala. The complaint sets forth three claims. The first claim charges that defendants violated the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, by failing to make certain disclosures with respect to credit extended to plaintiff to enable her to purchase the Impala. The second claim charges that defendants violated the Pennsylvania Motor Vehicle Sales and Finance Act, 69 P.S. § 601 *et seq.*, by failing to make the disclosures required by that Act, and transgressed the Pennsylvania Usury Laws, 41 P.S. § 501 *et seq.*, by charging excessive

interest. The third claim concerns only defendant Potamkin and charges that its advertising policies violated the Pennsylvania Consumer Protection Act, 73 P.S. § 201–1 *et seq.* Specifically, this third claim alleges that (1) Potamkin advertised a $600 trade-in on any vehicle regardless of its condition; (2) plaintiff was induced to deal with Potamkin by this advertisement; (3) plaintiff traded in her 1968 Pontiac to Potamkin for $600; and (4) Potamkin negated the advertised savings by artificially inflating the price of the 1974 Impala before deducting the Pontiac's trade-in value. The complaint prays for rescission of the transaction and for damages.

Defendants have filed answers to the first and second counts of the complaint. Defendant Potamkin has moved to dismiss the third count—the claim under the Pennsylvania Consumer Act, which relates only to Potamkin. And defendant Fidelity has counterclaimed, alleging that plaintiff has failed to make the monthly payments on her automobile and, as a result, is liable for the principal and all interest due. Plaintiff has moved to dismiss Fidelity's counterclaim. Both plaintiff's motion to dismiss the counterclaim and Potamkin's motion to dismiss the Consumer Act claim pose questions which go to the scope of a federal court's pendent jurisdiction.

## I.

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court considered the issue of a federal court's power to exercise pendent jurisdiction over state claims related to legitimate federal claims and wrote:

> Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . ," U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before

---

1. According to the complaint, all parties are citizens of Pennsylvania. Defendant Potamkin Chevrolet, Inc., has advised the Court that its name is misstated in the caption to this case.

the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole. *Id.* at 725, 86 S.Ct. at 1138. (footnotes omitted)

Potamkin contends that plaintiff's state law false-advertising claim turns on facts distinct from those necessary to resolve her federal law Truth-in-Lending Act claim and, therefore, that the claims lack the "common nucleus of operative facts" required by *Gibbs*.

This reading of *Gibbs* seems too restrictive. Plaintiff's federal and state claims arise out of the same transaction—the purchase of a single used car—and seem sufficiently fact-related to warrant adjudication in one proceeding. Essential facts alleged by the plaintiff in her federal Truth-in-Lending claim, such as the existence of a sales contract and its terms, constitute a not insignificant part of the fraudulent-advertising claim. That the latter claim embraces additional allegations does not preclude pendent jurisdiction. See *Jenn-Air Products Co. v. Penn Ventilator, Inc.*, 283 F.Supp. 591 (E.D.Pa.1968); *Hayes v. Bill Haley and His Comets, Inc.*, 274 F.Supp. 34 (E.D.Pa.1967); *Commonwealth of Pennsylvania v. Brown*, 260 F.Supp. 323 (E.D.Pa. 1966). As Judge Lord observed in *Brown:*

> The defendants point to the different elements of proof necessary to support each of the alternative grounds on which the plaintiffs rely. But that is true in every lawsuit involving a claim arising under more than one law unless the governing principles happen by coincidence to be coterminous. From the standpoint of administration, the considerations which militate against a multiplicity of actions

over the same subject matter indicate the exercise of pendent jurisdiction here.

See Note, *UMW v. Gibbs and Pendent Jurisdiction*, 81 *Harv.L.Rev.* 657, 659–662 (1968).

The question just considered—whether pendent jurisdiction exists—is a question of judicial power. The next question—whether a jurisdiction found to exist should be exercised—is one of judicial discretion. See *Gibbs, supra*, 318 U.S. at 726, 86 S.Ct. 1130. In opposing plaintiff's state law advertising claim, Potamkin argues that adjudication of that claim will require proof of facts collateral to the federal claim and will require this Court to apply a state statutory scheme of recent vintage. (The Pennsylvania Consumer Protection Act became law in 1968; but Section 201–9.2 of the Act, which provides for private actions, was not added until 1976.) The state law issues, however, do not "[so] substantially predominate . . . in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," *id.* as to overwhelm the federal claim. Moreover, the state statute to be applied, the Pennsylvania Consumer Protection Act, is modelled on federal law— the language of the Pennsylvania Act is identical to that of Section 5 of the Federal Trade Commission Act—and has "regularly been interpreted by the Commonwealth Court as being based on the Federal Trade Commission Act and the Lanham Trademark Act." *Commonwealth v. Monumental Properties, Inc.*, 459 Pa. 450, 329 A.2d 812, 817 (1974). Thus, plaintiff's pendent state law claim can be expeditiously and confidently addressed in this forum.

## II.

In considering plaintiff's motion to strike Fidelity's counterclaim, the controlling precedent in this Circuit is *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631 (3d Cir. 1961):

> A federal court has ancillary jurisdiction of the subject matter of a counterclaim if it arises out of the transaction or occurrence that is the subject matter of an

opposing party's claim of which the court has jurisdiction. *Moore v. New York Cotton Exchange*, 1926, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750; 3 Moore, Fed. Practice, pp. 39–41 (2d ed. 1948). Similarly, a counterclaim that arises out of the transaction or occurrence that is the subject matter of an opposing party's claim is a "compulsory counterclaim" within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure. . . . It is not a coincidence that the same considerations that determine whether a counterclaim is compulsory decide also whether the court has ancillary jurisdiction to adjudicate it. The tests are the same because Rule 13(a) and the doctrine of ancillary jurisdiction are designed to abolish the same evil, viz., piecemeal litigation in the federal courts.[2] *Id.* at 633–34.

*Great Lakes* makes clear that "transaction or occurrence" is a phrase of flexible meaning and that a counterclaim arises from the same transaction or occurrence "if it bears a 'logical relationship' to an opposing party's claim." *Id.* at 634. See also *Matter of Penn Central Transportation Co.*, 419 F.Supp. 1376 (E.D.Pa.1976). Under this test, Fidelity's counterclaim and plaintiff's claims must be said to arise from the same transaction—the purchase and financing of a used car. Indeed, it is difficult to reconcile plaintiff's motion to strike Fidelity's counterclaim with her opposition to Potamkin's motion to strike her advertising claim where she vigorously argues that all claims arising from a used car sale constitute a single constitutional "case."

In support of her motion, plaintiff cites numerous Truth-in-Lending Act cases dismissing creditor counterclaims for lack of jurisdiction. Many of these cases, however, were class action suits in which a contrary ruling would have immeasurably complicat-

ed adjudication of the class' federal law claim. See, e. g., *Parr v. Thorp Credit, Inc.*, 73 F.R.D. 127 (S.D.Iowa 1977); *Jones v. Goodyear Tire and Rubber Co.*, 73 F.R.D. 577 (E.D.La.1976); *Agostine v. Sidcon Corporation*, 69 F.R.D. 437 (E.D.Pa.1975); *Continental Federal Savings and Loan Ass'n v. Delta Corp.*, 71 F.R.D. 697 (D.Neb.1976). In an individual suit, a defendant's counterclaim may inject into the case only one new factual issue—the amount owing on the underlying obligation. *Mims v. Dixie Finance Corp.*, 426 F.Supp. 627 (N.D.Ga.1976) (en banc court overrules *Roberts v. National School of Radio and Television Broadcasting*, 374 F.Supp. 1266 (N.D.Ga.1974)). Any defenses plaintiff may interpose against the counterclaim, such as fraud or unconscionability, are likely to be grounded on the same evidence as that required to prove plaintiff's own claim. In short, in the absence of the management problems unique to class action litigation, judicial economy will be served by hearing a plaintiff's Truth-in-Lending Act claim and a defendant's counterclaim on the debt in the same action. *Rollins v. Sears Roebuck Co.*, 71 F.R.D. 540 (E.D.La.1976); *Mims, supra* ; but see *Gammons v. Domestic Loans of Winston-Salem, Inc.*, 423 F.Supp. 819 (M.D.N.Car.1976).

## CONCLUSION

The doctrine of pendent jurisdiction is sufficiently capacious to permit claims arising from the purchase and financing of one used car to be resolved in one lawsuit. Accordingly, defendant Potamkin's motion to dismiss the third count of plaintiff's complaint, and plaintiff's motion to strike Fidelity's counterclaim, are both denied.

---

**2.** The wisdom of combining the Rule 13 determination and the jurisdictional determination into one test has been seriously questioned. See *United States v. Heyward-Robinson Co.*, 430 F.2d 1077, 1087–9 (2nd Cir., 1970) (Friendly, J., concurring); Green, Federal Jurisdiction and Counterclaims, 48 N.W.Y.L.Rev. 271 (1953); 3 Moore's Federal Practice ¶ 13.19[1]. These writers argue that pendent jurisdiction should extend to permissive counterclaims where considerations of judicial economy and convenience dictate that the matter be heard as one "case."