Safeguard Investment Corp. and Anthony J. Pivirotto, individually and as President of Safeguard Investment Corp., and John Woods, individually and as Manager of Safeguard Investment Corp., Appellants *v.* Commonwealth of Pennsylvania, acting by Robert Colville, District Attorney of Allegheny County, Appellee.

Argued May 8, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and MACPHAIL. Judges DISALLE and CRAIG did not participate.

*Alan Frank,* with him *Frank & Radakovich,* for appellant.

*Thomas Jargiello,* Assistant District Attorney, with him *Robert E. Colville,* District Attorney, *Michael J. Reilly,* First Assistant District Attorney, *Chris G. Copetas,* Chief Trial Attorney, and *Robert L. Eberhardt,* Deputy District Attorney, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, July 25, 1979:

Among a number of issues raised below the sole issue preserved in this appeal is whether the Unfair Trade Practices and Consumer Protection Law (the Act), Act of December 17, 1968, P.L. 1224, *as reenacted and amended* by the Act of November 24, 1976, P.L. 1166, 73 P.S. §201-1 *et seq.,* is applicable to certain activities engaged in by defendant-appellants alleged to be unlawful activities and which activities are the foundation for statutory proceedings initiated in the lower court pursuant to the enforcement and remedial provisions of the Act. In dismissing defendant-appellants' preliminary objection in the nature of a demurrer the lower court concluded that plaintiff-ap-

pellee had stated a cause of action within the purview of the Act but directed an amended complaint to be filed to more specifically plead the cause alleged. We affirm.

In affirming we adopt the opinion of Judge SILVES-TRI in his analysis of the complaint and his discussion and legal conclusions as directed to defendant-appellants' demurrer.

As they did below, defendant-appellants here argue that the Act should be so construed as *not* to apply to activities otherwise within the purview of the Act, if such activities are governed by other statutory law of the Commonwealth. As to their alleged unlawful activities said to have occurred between 1968 and 1973 they argue that the now repealed so-called usury statute, Act of May 28, 1858, P.L. 622, *as amended, formerly* 41 P.S. §3, repealed by the Act of January 30, 1974, P.L. 13, governed their activities and that since 1974, the Act of January 30, 1974, P.L. 13, *as amended,* 41 P.S. §101 *et seq.,* the current and far more comprehensive usury statute, now governs such activity to the exclusion of the Act.

We would simply enlarge upon the opinion and legal conclusions of Judge SILVESTRI on this point by observing that the usury statute of 1858 was in no sense a comprehensive statute directed to the activities alleged to be unlawful under the Act and to have been engaged in by defendant-appellants. This now repealed statute simply fixed maximum interest rates, provided for a defense to usurious rates and recognized a limited right of recovery in the borrower. It did not purport to provide for injunctive remedy nor did it otherwise address activities which are related to the cost of borrowing money but not charged or reflected as interest rates per se.

As to the more comprehensive Act of January 30, 1974, on the same general subject the General Assem-

bly made its intent eminently clear by providing in Section 507 thereof, 41 P.S. §507, that the remedies and penalties provided therein "shall be supplementary to and shall not repeal or otherwise effect the remedies and penalties provided in any other act." In light of this provision it cannot be successfully argued that the legislature intended to deal exclusively with this subject in the 1974 statute.

We shall affirm the order of the lower court.[1]

ORDER

Now, July 25, 1979, the order of the lower court is hereby affirmed.

---

[1] As the issue of whether the order appealed from is a final order or an otherwise appealable order has not been raised, we do not pass upon this issue but decide the appeal on its merits notwithstanding this apparent shortcoming.