Pennsylvania Bankers Association et al., Petitioners *v.* Commonwealth of Pennsylvania, Bureau of Consumer Protection, Respondent.

Argued December 9, 1980, before President Judge · CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, WILLIAMS, JR. and PALLADINO. Judges BLATT and MACPHAIL did not participate.

*John J. Brennan, Dechert, Price* & *Rhoads,* for petitioners.

*Andrew S. Gordon,* Deputy Attorney General, with him *Allen C. Warshaw,* Chief, Civil Litigation, and *Harvey Bartle, III,* Attorney General, for respondent.

*Marjorie A. Janoski,* with her *Theodore Clattenberg, Jr.,* for Consumer Education and Protective Association International, Inc., John Geiger, Katherine Geiger and Emma Wilson, Proposed Intervenors, Amicus Curiae.

OPINION BY PRESIDENT JUDGE CRUMLISH, April 1, 1981:

The Director of the Bureau of Consumer Protection and the Attorney General of Pennsylvania filed preliminary objections in the nature of a demurrer to the Petition For Review of the Pennsylvania Bankers Association and other interested banks challenging the debt collection trade regulations recently promulgated by the Pennsylvania Bureau of Consumer Protection, 37 Pa. Code §303.1 *et seq.* The preliminary objections are sustained in part, and overruled in part.

Petitioners have invoked our original jurisdiction seeking declaratory relief from the regulations which were promulgated by the Bureau under the authority of the Unfair Trade Practices and Consumer Protection Law (Consumer Protection Law)[1]. The regulations provide that it shall be unfair or a deceptive act or practice for a debt collector to engage in many activities described in Section 303.3 of the regulations, 37 Pa. Code §303.3.

_____
[1] Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §201-1 *et seq.*

In Count I of the Petition For Review, the Banking Association argues that application of the Bureau's debt collection regulations to National Banks conflicts with federal law in that they interfere with the regulatory scheme devised by the Federal Government to control National Banks. In short, the Association asserts that the Commonwealth is pre-empted from applying the regulations to National Banks. We disagree.

National Banks are creatures of Federal legislation, instrumentalities of the Federal Government, and are necessarily subject to the paramount authority of the United States. Nevertheless, National Banks are subject to the laws of the several states unless they (1) interfere with the purposes of their creation, (2) tend to impair or destroy their efficacy as federal agencies or (3) conflict with the paramount law of the United States. *Anderson National Bank v. Luckett*, 321 U.S. 233 (1944); *Jennings v. United States Fidelity and Guaranty Co.*, 294 U.S. 216 (1935); *Lewis v. Fidelity and Guaranty Co.*, 292 U.S. 559 (1934).

Since our review fails to disclose federal legislation which deals with the precise area of debt collection by a National Bank, it is axiomatic that there can be no conflict within the meaning of *Anderson*[2]. Moreover, the Third Circuit has clearly stated that the rights of National Banks "to contract, *collect debts*, and acquire and transfer property are all based on state law". *National State Bank v. Long*, 630 F.2d 981, 985 (1980) (emphasis supplied).

Pressing our inquiry, we note that a second prong of the three part disjunctive test in *Anderson* prohibits a state from enacting legislation which impairs or

---

[2] Although cited by the Commonwealth, the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, is inapplicable. To avoid confusion we feel it necessary to make it clear that this legislation is inapplicable to banking institutions. *See Kizer v. Finance America Credit Corp.*, 454 F. Supp. 937 (ND. Miss. 1978).

destroys the efficacy of National Banks. Even a cursory review of the sanctions for violations of the Bureau's Regulations reveals that the potential for impairment or destruction is present. For instance, violations can result in a National Bank's forfeiture of the right to do business. *See* 73 P.S. §201-9. This kind of sanction is tantamount to the very evils discussed in the historical landmark decision handed down by the United States Supreme Court in *McCulloch v. Maryland*, 4 Wheat. 316 (1819), and consequently cannot be enforced against National Banks.

In addition, we must point out that the Commonwealth is powerless to either investigate or enforce the Bureau's regulations vis-a-vis National Banks. Our own Third Circuit best said it in *National State Bank v. Long, supra,* when it held:

> Congress has delegated enforcement of statutes and regulations against National Banks to the Comptroller of the Currency. The Financial Institutions Supervisory Act of 1966 provides that the appropriate federal banking agency may initiate cease and desist proceedings against any insured bank that violates a law. The legislative history of the Act indicates that Congress was concerned not only with federal but with state law as well ... (citations omitted).

*Id.* at 988.

Although the Third Circuit realized the words "a law" might not encompass matters of purely local concern, the Court nevertheless precluded New Jersey state officials from enforcing the State's "anti-redlining" statute against National Banks. Since we find the debt collection regulations to be of the same significance, it

follows that the Commonwealth must look to the Comptroller of the Currency for their enforcement[3].

Therefore, as to Count I, although the Commonwealth has the apparent authority to enact debt collection regulations in the National Banking field, enforcement is a federal prerogative. Similarly, to be enforceable, the regulations must be drawn in such a manner as to preclude the potential of impairing or destroying the National Bank as a Federal agency. Since we see such a potential with the Bureau's regulations as presently drawn, we are compelled to overrule the preliminary objection in this regard.

In Count II of the Petition for Review, the Banking Association urges that the Bureau of Consumer Protection lacked authority to promulgate regulations which have an impact upon state chartered banks. We disagree.

The Association urges that the Department of Banking is the sole state agency charged with regulating the banking industry. In supporting its argument, the Association relies upon *City of Pittsburgh v. Allegheny Valley Bank*, 488 Pa. 544, 412 A.2d 1366 (1980), wherein our Supreme Court held that the Banking Code[4] and the Department of Banking Code[5] evidenced a legislative judgment that unified state-wide regulation of banks was the best method for protecting the soundness and integrity of banking institutions. It should be emphasized, however, that *City of Pittsburgh* dealt with state as distinguished from local regulation of banks. The Court struck down a

---

[3] It is obvious that the Bureau's regulations can and will have an effect on interstate commerce. It is for this reason that we deem the regulations to be more than a purely local matter.

[4] Act of November 30, 1965, P.L. 847, *as amended*, 7 P.S. §101 *et seq.*

[5] Act of May 15, 1933, P.L. 565, *as amended*, 71 P.S. §733-1 *et seq.*

municipal business privilege tax holding that the tax was an impermissible infringement upon a state-regulated entity. Thus, the Association's reliance is misplaced. We read nothing in the Court's decision to suggest that the Legislature has charged the Department of Banking with plenary power over all other state agencies in respect to the regulation of the Commonwealth's banks.

In our opinion, therefore, the Attorney General and the Bureau of Consumer Protection were within the scope of their legislative grant of authority when they promulgated and adopted debt collection regulations.

Clearly, the legislative purpose of the Consumer Protection Law is to eradicate unfair or deceptive business practices by entities engaged in "trade or commerce". *Creamer v. Monumental Properties*, 459 Pa. 450, 329 A.2d 812 (1974). *See also* 73 P.S. §201-3. We have recently held that the activity of lending and collecting money is trade or commerce.[6] Banks by their very nature are involved in lending and collecting money so we see no logical or legislative reason why they should be exempt from the regulations. In this regard, the preliminary objection must be sustained.

However, the preliminary objection will be overruled on the basis of two questions which will require further briefing and argument on the merits. The first is whether the Attorney General can enforce or administer the regulations within the banking community.

---

[6] *See Pennsylvania Retailers Association v. Lazin*, 57 Pa. Commonwealth Ct. 232,     A.2d     (1981). In this companion case, Judge Rogers also held that the Bureau and the Attorney General correctly followed rule-making procedures in promulgating and adopting the debt collection regulations. Therefore, the preliminary objection directed to Count III of the Petition for Review which stated a similar cause of action is sustained.

The Department of Banking Code specifically provides:

> Except where otherwise specifically provided, the department [Department of Banking] shall enforce and administer all laws of this Commonwealth which relate to any institution, and shall exercise such general supervision over institutions as will afford the greatest possible safety to depositors, other creditors, and shareholders thereof, insure the safe and sound conduct of the business of such institutions, conserve their assets, maintain the public confidence in such institutions and protect the public interest.

71 P.S. §766-202A. From our reading of this legislative grant of authority, however, we are unable to discern whether the Banking Department is charged with the plenary administration and enforcement of the debt collection regulations. Since this issue has been raised by the Petition For Review it requires a full hearing on the merits.

Lastly, we note that both the Consumer Protection Law and the Department of Banking Code provide for receivership proceedings. *See* 71 P.S. §733-601-600 and 73 P.S. §201-9 and 9.1. We are not satisfied that the two provisions are consistent.

In summary, we hold that the Bureau and the Attorney General are authorized to enact regulations which control debt collection practices. However, the Association questions whether the regulations, as presently drawn, can be enforced against state and national banks. Since the Commonwealth has failed to resolve these questions to our satisfaction, the preliminary objections on these points are overruled in part and sustained in part.

## Order

AND Now, this 1st day of April, 1981, the respondent's preliminary objection in the nature of a demurrer to the claims set forth in paragraphs 10 through 12 and 17 of the Petition For Review is sustained; the respondent's preliminary objection in the nature of a general demurrer to paragraphs 13, 15, and 18 of the Petition For Review is hereby overruled and the respondent is ordered to file an answer to the remainder of the Petition For Review within twenty (20) days.

Judge WILKINSON, JR., concurs in the result only.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.