David LAYTON

v.

**LIBERTY MUTUAL FIRE INSURANCE
COMPANY.**

Civ. A. No. 81–2672.

United States District Court,
E.D. Pennsylvania.

March 18, 1983.

Jeffrey L. Pettit, Hepburn, Poss, Willcox & Putnam, Philadelphia, Pa., for plaintiff.

John P. Penders, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This is a diversity case in which plaintiff seeks to recover damages from his automobile insurance company. In September 1981, defendant's motion to dismiss plaintiff's claims for breach of the insurance policy was granted; defendant's motion to dismiss plaintiff's claims based on the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("Consumer Protection Act") was denied. *Layton v. Liberty Mutual Life Insurance Co.*, 530 F.Supp. 285 (E.D.Pa.1981). Defendant now seeks summary judgment in its favor on the remaining claim.

Defendant renews its argument that the Consumer Protection Act does not provide plaintiff with a remedy in this situation. In doing so, however, defendant cites a recent series of Pennsylvania cases that were not brought to the court's attention in the briefing on the motion to dismiss. These cases raise troubling questions concerning the applicability of the Consumer Protection Act to the insurance industry.

In *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company*, 494 Pa. 501, 431 A.2d 966 (1981), the Pennsylvania Supreme Court refused to permit an insured to supplement the remedies provided in the Unfair Insurance Practices Act by a trespass action seeking damages for emotional distress and bad faith conduct in denying a claim. In doing so, the Court rejected the line of cases, stemming from *Gruenberg v. Aetna Insurance Company*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973), that entitles an insured to bring a tort action for compensatory and punitive damages against an insurance company based on its failure to deal fairly and in good faith with an insured. The majority, speaking through Justice Roberts, relied in its decision on the Legislature's "dramatic, sweeping efforts to curb ... bad faith conduct" by enacting the Unfair Insurance Practices Act. 494 Pa. at 505, 431 A.2d at 969. The court went on to note that no evidence had suggested, and the court had no reason to believe, "that the system of sanctions established under the Unfair Insurance Practices Act must be supplemented by a judicially created cause of action." *Id.* at 507, 431 A.2d at 970. Moreover, the court declared it the Legislature's prerogative to "announce and imple-

ment the Commonwealth's public policy governing the regulation of insurance carriers. *In our view, it is equally for the Legislature to determine whether sanctions beyond those created under the Act are required to deter conduct which is less than scrupulous."* *Id.* at 508, 431 A.2d at 970 (emphasis added).

Several cases have followed *D'Ambrosio* and have similarly refused to recognize a common law cause of action against an insurance company for bad faith conduct. *See Smith v. Harleysville Insurance Company,* 494 Pa. 515, 431 A.2d 974 (1981); *Nazer v. Safeguard Mutual Assurance Company,* 293 Pa.Super. 385, 439 A.2d 165 (1981); *Evans v. Government Employees Insurance Company,* 291 Pa.Super. 342, 435 A.2d 1258 (1981).

Although these cases speak of judicially created causes of action rather than actions under the Consumer Protection Act, I am persuaded that the Pennsylvania appellate courts would apply their reasoning, which looks to the Unfair Insurance Practices Act as the sole source of remedy, to an action brought under the Consumer Protection Act.

Accordingly, in an order to be entered today, defendant's motion for summary judgment will be granted.