## Piltzer *v.* Independence Federal Savings and Loan Association, Appellant.

Argued January 18, 1974 and May 2, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

*William L. Matz*, with him *Erwin Miller*, and *Zoob & Matz*, for appellant.

*Stephen M. Feldman*, with him *Joseph G. Feldman*, and *Feldman & Feldman*, for appellees.

OPINION BY MR. JUSTICE ROBERTS, May 22, 1974:

Irving H. and Lillian Piltzer brought an action in equity in behalf of themselves and all others similarly situated against Independence Federal Savings & Loan Association. Plaintiffs alleged that they were mortgagors of Independence Federal, and that the defendant's practice of requiring its mortgagors to escrow taxes, water rents, and insurance premiums either constituted a breach of an express trust, violated a con-

structive trust relationship, or amounted to a contract of adhesion.

After an answer was filed, discovery conducted, and certain facts stipulated, plaintiffs moved for an order declaring their cause to be a class action. Pa. R.C.P. 2230. Following submission of briefs and oral argument, the trial court declared plaintiffs' case to be a class action. In its January 12, 1973 order, the trial court also set forth conditions for maintaining the class, defining the class, and providing notice to prospective class members. From this order Independence Federal appeals.[1]

Liminally, this Court is confronted with the question whether the order permitting plaintiffs' suit to proceed as a class action is a final order. We hold that the order appealed from is not final, but is rather interlocutory, and therefore the appeal must be quashed.[2]

A final order is one which ends the litigation, or alternatively, disposes of the entire case. *James Banda, Inc. v. Virginia Manor Apartments, Inc.*, 451 Pa. 408, 303 A.2d 925 (1973); *Reynolds Metal Co. v. Berger*, 423 Pa. 360, 362, 223 A.2d 855, 856 (1966); *Myers v. Travelers Insurance Co.*, 353 Pa. 523, 524-25, 46 A.2d 224, 225 (1946); *Keasbey's Trust Estate*, 342 Pa. 439, 444-45, 20 A.2d 281, 283 (1941). Conversely phrased, "[a]n order is interlocutory and not final unless it effectively puts the defendant 'out of court.'" *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 463, 246 A.2d 353, 355 (1968); see *Posternack v. American Casualty Co.*, 421 Pa. 21, 23-24, 218 A.2d 350, 351 (1966); *McGee v. Singley*, 382 Pa. 18, 114 A.2d 141 (1955).

We cannot say that Independence Federal is effectively "out of court." *Ventura v. Skylark Motel, Inc.*,

---

[1] Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp. 1973).

[2] In view of our disposition of this case, we do not consider the claims raised by Independence Federal.

supra, further defined this test for determining whether an order is final.

"An order does not put 'a party out of court' unless it precludes proof of facts at trial, which if determined in favor of the pleader would provide him with a complete defense to the action." 431 Pa. at 463, 246 A.2d at 355. Appellant still had the opportunity to demur to plaintiffs' complaint and, if necessary, to defend on the merits at trial. Whether a suit should proceed as a class action is independent of the question whether plaintiffs have stated a cause of action or whether they can prevail on the merits. See *Huff v. N. D. Cass Co.*, 485 F.2d 710, 712 (5th Cir. 1973) (en banc); *Miller v. Mackey International, Inc.*, 452 F.2d 424, 427 (5th Cir. 1971); *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir.), cert. denied, 398 U.S. 950, 90 S. Ct. 1870 (1970). Independence Federal is not precluded from offering any evidence that may provide it with a complete defense to plaintiffs' action.

The order of the trial court permitting the class action is therefore not a final order. Accord, *Thill Securities Corp. v. New York Stock Exchange*, 469 F.2d 14, 17 (7th Cir. 1972) (SWYGERT, C. J. ); *Walsh v. Detroit*, 412 F.2d 226 (6th Cir. 1969); see 9 J. Moore, Federal Practice ¶ 110.13[9], at 184-87 (2d ed. 1973).

"An interlocutory order is not appealable unless expressly made so by statute." *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 409, 246 A.2d 384, 386 (1968); see *Adcox v. Pennsylvania Manufacturers' Association Casualty Insurance Co.*, 419 Pa. 170, 213 A.2d 366 (1965). No statute exists authorizing an appeal from an order permitting a class action to proceed.[3]

---

[3] E.g., Act of February 14, 1866, P.L. 28, § 1, 12 P.S. § 1101 (1953); Act of June 12, 1879, P.L. 177, § 1, 12 P.S. § 1102 (1953). See generally Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. V, § 501(a), 17 P.S. § 211.501(a) (Supp. 1973).

The reason for prohibiting appeals from interlocutory orders is "to preclude piecemeal determinations and the consequent protraction of litigation." *Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954); see *Adcox v. Pennsylvania Manufacturers' Association Casualty Insurance Co.,* supra at 175, 213 A.2d at 368. Here, this policy is well served.

Appeal quashed. Each party pay own costs.

Mr. Justice Nix took no part in the consideration or decision of this case.