421 A.2d 338

**John GIANNINI, Margaret Giannini, and Nichole Giannini, a minor, by her parent and natural guardian Margaret Giannini, Appellants,**

**v.**

**Stephen FOY and William Foy.**

Superior Court of Pennsylvania.

Argued March 18, 1980.

Filed Aug. 1, 1980.

Petition for Allowance of Appeal Denied March 13, 1981.

554

Allen L. Feingold, Philadelphia, for appellants.

Joseph Kauffman, Media, for appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PRICE, Judge:

Appellants appeal from the May 23, 1979 order of the court of common pleas sustaining appellees' preliminary objections and striking the second, fifth and eighth counts of appellants' complaint.[1] For the reasons stated herein, we quash the instant appeal.

1. The court of common pleas dismissed appellees' preliminary objections requesting more specific pleadings and a motion to dismiss the entire complaint.

The pertinent facts are as follows. Appellants filed a nine–count complaint in trespass against appellees. The complaint alleged that appellants were injured on March 11, 1978, when an automobile in which they were riding[2] was struck from behind by another vehicle operated by appellee Stephen Foy and owned by appellee William Foy. The first, fourth and seventh counts of the complaint alleged respectively that appellants John Giannini, Margaret Giannini and Nicole Giannini endured pain, suffering, loss of earning capacity, inability to perform usual duties and incurred expenses in excess of those compensable under the Pennsylvania No–fault Motor Vehicle Insurance Act.[3] As a result, they each sought compensatory damages in excess of $10,-000. Counts three and six sought damages for loss of consortium, count nine sought damages for loss of services of appellant Nicole Giannini, and counts two, five and eight alleged that appellees acted wilfully, wantonly and maliciously in operation of their motor vehicle, and appellants through their complaint sought punitive damages in excess of $10,000.

In their preliminary objections, appellees moved to strike the three counts that sought punitive damages, to dismiss the complaint, and for more specific pleadings. The court of common pleas, per the Honorable Joseph T. Labrum, Jr., denied appellees' motions for more specific pleadings and to dismiss, but granted the motion to strike counts two, five, and eight of the complaint. The court granted the motion on the ground that appellants' complaint alleged mere conclusions of appellees' malicious conduct without any factual allegations in support thereof. On appeal, appellants contend that the trial court erred in granting appellees' preliminary objection and in failing to grant appellants leave to amend their complaint.

■ Although neither party has specifically questioned the jurisdiction of this court regarding the instant appeal, the

2. Appellant John Giannini was the operator of the Giannini vehicle.

3. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101 (40 P.S. §§ 1009.101 et seq.).

mere agreement of the parties will not vest jurisdiction where it otherwise would not exist. *T.C. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977). We therefore raise, *sua sponte,* the issue of appealability of the trial court's order. *See Davidyan v. Davidyan,* 229 Pa.Super. 495, 327 A.2d 139 (1974).

■ Under the Judicial Code in effect at the time the instant appeal was filed, this court has jurisdiction over "all appeals from *final orders* of the courts of common pleas . . . ." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). In ascertaining what is a "final order," we look beyond the technical effect of the adjudication and apply practical considerations after examining the ramifications of the order. *See Adoption of G.M.,* 484 Pa. 24, 398 A.2d 642 (1979); *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975). If an order terminates litigation or disposes of the entire case, it is a final order. *Adoption of G.M., supra ; T.C. Realty, Inc. v. Cox, supra.* Conversely, an order is interlocutory and not final unless it effectively puts the litigant "out of court." *Alessandro v. State Farm Mutual Auto. Ins. Co.,* 487 Pa. 274, 409 A.2d 347 (1979); *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 246 A.2d 353 (1968).

■ In the instant situation, we conclude that the trial court' order dismissing three counts of appellants' nine–count complaint did not dispose of the entire case or have the practical effect of putting appellants "out of court." The order of the trial court, therefore, must be deemed interlocutory. *See Herman v. Harborcreek Township,* 458 Pa. 202, 321 A.2d 653 (1974) (order that sustained in part and overruled in part preliminary objections to a complaint is not a final decree). We note, additionally, that the trial court did not certify the appeal to this court, nor is the appeal authorized by statute. *See* 42 Pa.C.S. § 702. Under these circumstances, we hold that the order of the court of common pleas is a nonappealable interlocutory order.

Accordingly, the appeal from the order of the court of common pleas is quashed as interlocutory.