428 A.2d 664

**Nancy June BAGSHAW, Appellant,**

**v.**

**James VICKERS & Earl Henuber.**

Superior Court of Pennsylvania.

Argued June 11, 1980.

Filed April 20, 1981.

Joseph Mellace, Philadelphia, for appellant.

Brian P. Sullivan, Norristown, for appellees.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Appellant appeals from the September 13, 1979 order of the court of common pleas sustaining appellees' preliminary objections and striking the second count of appellant's complaint. For the reasons that follow, we quash the instant appeal.

Appellant filed a two count complaint in trespass on February 22, 1979 for damages sustained in an automobile accident allegedly caused by appellee, Earl Henuber, through his agent or servant, appellee James Vickers. Appellant alleged in count one of said complaint that the accident was carelessly, recklessly, and negligently caused in that Vickers operated his vehicle at a high rate of speed, without due care or regard for appellant's presence and

location on the highway, and in violation of the ordinances of Montgomery County and the statutes of the Commonwealth of Pennsylvania. As a result of said accident, appellant further alleged that she sustained injuries, suffered physical pain, mental anguish and a loss of earnings and that she incurred various expenses. Consequently, she sought compensatory damages in excess of those compensable under the No-fault Motor Vehicle Insurance Act.[1] In count two of her complaint, appellant demanded punitive damages in excess of $10,000 based upon the willful, malicious, intentional, wanton and reckless manner in which appellee Vickers allegedly operated his vehicle.

In their preliminary objections, appellees moved to strike the second count seeking punitive damages. Appellees argued that appellant's second count contained mere conclusions with absolutely no factual basis supporting her allegation of willful, malicious, intentional, wanton or reckless conduct. Agreeing that appellant's complaint contained "[n]o facts in support of this charge," the trial court granted appellees' motion to strike the second count. On appeal, appellant contends that the trial court erred in granting appellees' preliminary objection and in failing to grant her leave to amend the complaint.[2]

Neither party has challenged the jurisdiction of this court to resolve the instant controversy.[3] It is axiomatic, however, that neither silence nor agreement of the parties

1. Act of July 19, 1974, P.L. 489, No. 176, Art. 1, § 101, 40 P.S. §§ 1009.101 et seq.

2. Pa.R.C.P. 1028 authorizes a party to amend his/her complaint as a matter of course "within ten (10) days after service of a copy of preliminary objections." In addition, Rule 1033 provides for amendment at any time with leave of court or with the consent of the adverse party. Appellant failed to avail herself of either alternative. Because of our disposition of this appeal, however, we need not consider this failure or appellant's allegation of error on this issue.

3. Indeed, appellant failed to comply with the requirement that a statement of jurisdiction be contained in the brief of the appellant. Pa.R.A.P. 2111.

will confer jurisdiction where it otherwise would not exist. *Giannini v. Foy*, 279 Pa.Super. 553, 555, 421 A.2d 338, 339 (1980). Accordingly, we shall address the issue of the appealability of the trial court's order *sua sponte.* *MacKanick v. Rubin*, 244 Pa.Super. 467, 473, 368 A.2d 815, 818 (1976).

This court has jurisdiction over "all appeals from *final orders* of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). "In determining what constitutes a final order we . . . look to 'a practical rather than technical construction' of an order." *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). "A final order is one which . . . ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974)." *Pugar v. Greco*, 483 Pa. at 73, 394 A.2d at 544–45. On the other hand, "an order is interlocutory and not final unless it effectively puts the litigant 'out of court.'" *Giannini v. Foy*, 279 Pa.Super. at 556, 421 A.2d at 339 (citations omitted).

■ Instantly, the trial court's order dismissed one count of appellant's two count complaint. It is abundantly clear that the trial court's order does not dispose of the entire case or otherwise end the litigation. Appellant is not "out of court" since she may still pursue her claim for damages in excess of $10,000 contained in the first count of her complaint. The trial court's order, therefore, is interlocutory. *See, e. g., Gurnick v. Government Employees Insurance Company*, 278 Pa.Super. 437, 439 n.2, 420 A.2d 620, 621 n.2 (1980). *See Giannini v. Foy, supra; Wilcox v. Evans*, 190 Pa.Super. 166, 153 A.2d 817 (1959). Since the appeal thereof is not rendered appealable by statute, the appeal is not properly before us.

Accordingly, the appeal from the order of the court of common pleas is quashed as interlocutory.