430 A.2d 321

**Wright MITCHELL, Appellant**

v.

**CENTER CITY CADILLAC and General Motors Corporation.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed May 22, 1981.

Allen L. Feingold, Philadelphia, for appellant.

Hugh M. Emory, Paoli, did not file a brief on behalf of Center City, Cadillac, appellee.

Gary Cutler, Philadelphia, for General Motors, appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

PER CURIAM:

Appellant appeals from the May 30, 1980 order of the court of common pleas sustaining appellees' preliminary objections and striking the fourth and fifth counts of appellant's complaint. For the reasons that follow, we quash the appeal.

The instant trespass and assumpsit action was commenced in 1974 as a result of an accident which occurred on September 29, 1974, when the brakes and accelerator on appellant's automobile allegedly failed to function. In count one of his

complaint, appellant averred that General Motors had been careless, reckless and negligent because, *inter alia*, the subject vehicle was defective in its design and manufacture and General Motors failed to warn appellant of same. Appellant further alleged that appellee Center City Cadillac was careless, reckless and negligent in that it failed to repair said defects or to warn appellant of same. Appellant alleged a breach of an express warranty in count two and a section 402A products liability claim in count three. In counts four and five, appellant demanded punitive damages based upon appellees' willful, wanton, reckless and fraudulent failure to fulfill their obligations under both implied and expressed warranties, appellees' wanton and reckless disregard of appellant's rights, and their intentional infliction of emotional distress.

Appellees filed preliminary objections to appellant's punitive damages counts, claiming that appellant had pleaded mere conclusions in support thereof. By order dated March 7, 1980, the trial court sustained said objections and granted appellant leave to amend. Appellant filed his "second amended complaint[1] beyond the twenty day period prescribed in the court's order. Appellees filed preliminary objections to the same punitive damages counts and, by order dated May 30, 1980, the trial court sustained said objections with prejudice and without leave to amend. On appeal, appellant contends that the trial court erred in granting appellees' preliminary objections and in failing to grant him leave to amend the complaint.[2]

1. Appellee, General Motors, asserts in its brief that appellant had twice earlier sought and received leave to amend, even before any such preliminary objections had been filed. In reality, therefore, appellant's "second amended complaint" was the fourth amended complaint filed in this matter. *See* Brief for Appellee at 2.

2. Pa.R.C.P. 1028 authorizes a party to amend his/her complaint as a matter of course "within ten (10) days after service of a copy of preliminary objections." Appellant failed to avail himself of this alternative. Because of our disposition of this appeal, however, we need not consider this failure or appellant's allegation of error on this issue.

■ Neither party has challenged the jurisdiction of this court to resolve the instant controversy.[3] It is axiomatic, however, that neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Giannini v. Foy*, 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980). Accordingly, we address the issue of the appealability of the trial court's order *sua sponte*. *MacKanick v. Rubin*, 244 Pa.Super. 467, 473, 368 A.2d 815, 818 (1976).

■ This court has jurisdiction over "all appeals from *final orders* of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (emphasis added). "In determining what constitutes a final order we . . . look to 'a practical rather than technical construction' of an order." *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). "A final order is one which . . . ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974)." *Pugar v. Greco*, 483 Pa. at 73, 394 A.2d at 545. "[A]n order is interlocutory and not final [, however,] unless it effectively puts the litigant 'out of court.'" *Giannini v. Foy*, 279 Pa.Super. at 556, 421 A.2d at 339 (citations omitted).

Instantly, the trial court's order dismissed two counts of appellant's five count complaint. It is abundantly clear that the trial court's order does not dispose of the entire case or otherwise end the litigation. Appellant is not "out of court" since he may still pursue his claim for damages based upon negligence, breach of warranty and products liability. The trial court's order dismissing counts four and five of his complaint, therefore, is interlocutory. *See Giannini v. Foy, supra; Wilcox v. Evans*, 190 Pa.Super. 166, 153 A.2d 817 (1959). Since the order is not rendered appealable by statute, the appeal is not properly before us.

**3.** Indeed, appellant failed to comply with the requirement that a statement of jurisdiction be contained in the brief of the appellant. Pa.R.A.P. 2111 and 2114. Numerous other deficiencies are also noted. Appellant's counsel would be well advised to study Chapter 21 of the Rules of Appellate Procedure.

Accordingly, the appeal from the order of the court of common pleas is quashed as interlocutory.