430 A.2d 1007

**Joseph L. TUNSTALL, Jr., and Mary E. Tunstall, his wife, Appellants,**

**v.**

**PENN FEDERAL SAVINGS AND LOAN ASSOCIATION, successor to Havertown Savings and Loan Association.**

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed June 5, 1981.

C. Norwood Wherry, Media, for appellants.

Robert J. Stern, Philadelphia, for appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PER CURIAM:

Appellants appeal from the June 29, 1979 order of the court of common pleas sustaining appellee's preliminary objections and striking the second count of appellants' complaint. For the reasons that follow, we quash the appeal.

Havertown Savings and Loan Association, the predecessor of appellee, Penn Federal Savings and Loan Association, held a mortgage on appellants' home. The mortgage agreement obligated appellants to pay into an escrow account with appellee monies earmarked for the payment of real estate taxes. Appellee was obligated to use such funds to discharge appellants' tax liability. In 1966, appellee failed to pay the taxes. In view of the delinquency occasioned thereby, a treasurer's sale was held by the county treasurer on October 28, 1968, and appellants' property was sold. Appellants unsuccessfully sought to overturn that sale and subsequently instituted the instant action.

Appellants filed a complaint containing one count in assumpsit and a second count in trespass. In the first count, appellants sought recovery for the value of their home, legal fees, and various other costs occasioned by the tax sale. In their second count, appellants sought to recover damages for emotional distress allegedly caused by appellee's conduct. Appellee filed preliminary objections in the nature of a demurrer to the second count and appellants filed an answer denying said objections. Reasoning that appellants' complaint averred only negligence and carelessness, the trial court concluded that a cause of action based upon extreme, outrageous, intentional or reckless conduct had not been pleaded. The trial judge thus sustained appellee's demurrer without leave to amend.

Neither party has challenged the jurisdiction of this court to resolve the instant controversy. It is axiomatic, however, that neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Giannini v. Foy*, 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980). Accordingly, we shall address the issue of the ap-

pealability of the trial court's order *sua sponte*. *MacKanick v. Rubin*, 244 Pa.Super. 467, 473, 368 A.2d 815, 818 (1976).

■ This court has jurisdiction over "all appeals from *final orders* of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). "In determining what constitutes a final order we . . . look to 'a practical rather than technical construction' of an order." *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). "A final order is one which . . . ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974)." *Pugar v. Greco*, 483 Pa. at 73, 394 A.2d at 544–45. On the other hand, "an order is interlocutory and not final unless it effectively puts the litigant 'out of court.'" *Giannini v. Foy*, 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980) (citations omitted).

■ Instantly, the trial court's order dismissed only the second count of appellants' two count complaint. The order does not dispose of the entire case or otherwise end the litigation. Appellants are thus not "out of court" since they may still pursue their claims for the value of their home, legal costs, and repair and maintenance costs all contained in the first count of their complaint. The trial court's order, therefore, is interlocutory. *See, e. g., Gurnick v. Government Employees Insurance Company*, 278 Pa.Super. 437, 439 n.2, 420 A.2d 620, 621 n.2 (1980). *See Giannini v. Foy, supra; Wilcox v. Evans*, 190 Pa.Super. 166, 153 A.2d 817 (1959). Since the appeal thereof has neither been rendered appealable by statute nor certified to us by the trial court, the appeal is not properly before us.

Accordingly, the appeal from the order of the court of common pleas is quashed as interlocutory.

WATKINS, J., dissents.