431 A.2d 974

**Brenda SMITH, Appellant,**

v.

**HARLEYSVILLE INSURANCE COMPANY.**

Supreme Court of Pennsylvania.

Argued April 22, 1981.

Decided July 8, 1981.

516

Allen L. Feingold, Philadelphia, for appellant.

Donald B. Scace, Jr., Philadelphia, for appellee.

James J. McCabe, Philadelphia, for amicus curiae.

Before ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

PER CURIAM:

Here, as in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company*, 494 Pa. 501, 431 A.2d 966 (1981), an insured seeks to recover punitive damages for an insurer's alleged "bad faith" conduct in refusing to fulfill its

obligations under the parties' contract of insurance. The Court of Common Pleas of Philadelphia sustained the insurer's preliminary objections in the nature of a demurrer and dismissed those counts of the insured's complaint seeking punitive damages. The insured failed to seek leave to amend, and a panel of the Superior Court unanimously affirmed. 275 Pa.Super. 246, 418 A.2d 705. This Court granted allowance of appeal, and set this matter for argument with *D'Ambrosio, supra.*

A review of those counts of the insured's complaint seeking punitive damages discloses that, contrary to the requirement of Pa.R.Civ.Proc. 1019, the insured has failed to set forth material facts in support of the claim that the insurer engaged in bad faith conduct. Hence the dismissal of the counts seeking punitive damages is proper on this ground alone. See 2 Goodrich-Amram 2d § 1019(a): 12 at 138 (1976).

In any event, this Court has concluded in *D'Ambrosio* that there is no basis for the judicial creation of a cause of action for bad faith conduct. As stated in *D'Ambrosio,*

"[t]here is no evidence to suggest, and we have no reason to believe, that the system of sanctions established under the Unfair Insurance Practices Act [(Act of July 22, 1974, P.L. 589, § 1 et seq., 40 P.S. § 1171.1 et seq. (Supp.1980)], must be supplemented by a judicially created cause of action. As one critic of California's approach has observed,

'[t]he California courts have created this "new tort" in an obvious attempt to afford more protection to insureds. However, it has not really been established that there is a need of this additional protection. * * * State insurance departments are intended to serve the public and handle complaints from insureds as to insurer practices on a regular basis. Likewise, state legislatures are capable of prohibiting what are considered to be unfair claims handling practices and of imposing penalties for violations.'

Kircher, Insurer's Mistaken Judgment—A New Tort?, 59 Marq.L.Rev. 775, 786 (1976). Surely it is for the Legisla-

ture to announce and implement the Commonwealth's public policy governing the regulation of insurance carriers. In our, view it is equally for the Legislature to determine whether sanctions beyond those created under the Act are required to deter conduct which is less than scrupulous."

494 Pa. at 507–08, 431 A.2d at 970.

Order of the Superior Court affirmed.

NIX, J., joins in this opinion and files a concurring opinion.

LARSEN, J., files a dissenting opinion.

KAUFFMAN, J., concurs in the result.

LARSEN, Justice, dissenting.

I dissent for the reasons I gave in my dissent in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981).

NIX, Justice, concurring.

I join with the majority and reiterate the observations made in my concurring opinion in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company*, 494 Pa. 501, 431 A.2d 966 (1981).