435 A.2d 1258

**Jessie EVANS, Appellant,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed Oct. 16, 1981.

Allen L. Feingold, Philadelphia, for appellant.

Marcy B. Tanker, Philadelphia, for appellee.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

SPAETH, Judge:

This appeal is from an order sustaining preliminary objections and dismissing the second and third counts of a three count complaint. The first count was in assumpsit and sought payments allegedly due under a no-fault motor vehicle insurance policy. The second and third counts were in trespass and alleged that appellee's failure to pay was a wilful, wanton and malicious breach of contract done with the intent to harass and frustrate appellant.

█ We have repeatedly held that an order dismissing some but not all of the counts in a multi-count complaint is interlocutory and not appealable because appellant is not out of court. *Mitchell v. Center City Cadillac*, 287 Pa.Super. 350, 430 A.2d 321 (1981); *Bagshaw v. Vickers*, 286 Pa.Super. 246, 428 A.2d 664 (1981); *Giannini v. Foy*, 279 Pa.Super. 553, 421 A.2d 338 (1980). We have so held at least twice with regard to appeals from lower court orders sustaining preliminary objections to trespass counts in complaints in exactly the same form as the one here—an assumpsit count claiming no-fault benefits and trespass counts alleging that the nonpayment was tortious. *Brandon v. State Farm Insurance Company*, 284 Pa.Super. 399, 425 A.2d 1163 (1981); *Gurnick v. Government Employees Insurance Company*, 278 Pa.Super. 437, 420 A.2d 620 (1980). Therefore, this appeal as well must be quashed as being an appeal from an interlocutory order not permitted by statute, general rule, or by permission following certification by the lower court. 42 Pa.C.S.A. §§ 702, 742; Pa.R.A.P. 301–312.

█ Although this appeal is clearly interlocutory and must be quashed, we should in fairness to the parties explain why it has taken us so long to do so. Appellee did not challenge the propriety of this appeal either in its brief or by motion to quash. When this case was argued, we did not then recognize that the appeal was from an interlocutory order, but we were aware that the substantive issues presented were be-

* Judge JOSEPH F. O'KICKI, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

fore the Supreme Court. We therefore held this case until the Supreme Court's decisions in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company*, 494 Pa. 501, 431 A.2d 966 (1981), and *Smith v. Harleysville Insurance Company*, 494 Pa. 515, 431 A.2d 974 (1981). On returning to this case, after the Supreme Court's decisions in *D'Ambrosio* and *Smith* were filed, we recognized that the appeal was from an interlocutory order and had to be quashed. The failure of appellee to object does not confer jurisdiction we do not possess, 42 Pa.C.S.A. § 704(b)(2), and the issue of our jurisdiction is one we can and must raise *sua sponte*. *Penstan Supply, Inc. v. Hay*, 283 Pa.Super. 558, 424 A.2d 950 (1981).[1]

Although the merits of appellant's claim for punitive damages are therefore not properly before us, since we did hold this case until we could have the benefit of the Supreme Court's decisions in *D'Ambrosio* and *Smith*, we note that the Court held in *D'Ambrosio* that there is no cause of action for punitive damages for the failure of an insurance carrier to properly handle a claim and that an insured's only redress is through the Unfair Insurance Practices Act, Act of July 22, 1974, P. L. 589, No. 205, 40 P.S. § 1171.1 *et seq.* In *Smith* which involved, as does this case, a no-fault motor vehicle insurance policy, the Court held the issue controlled by its decision in *D'Ambrosio*. Thus, were the merits of the lower court's order before us, we should affirm on the authority of *D'Ambrosio* and *Smith*.

APPEAL QUASHED.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I would affirm the order of the lower court dismissing the trespass counts of the complaint on the authority of *D'Am-*

1. Although the question of our jurisdiction is one we should consider *sua sponte* in every case that comes before us, we admit that on occasion we have failed to do so and that consequently there are cases on the books, including cases similar to this one, where we failed to recognize that the order under review was interlocutory and not appealable. Our more recent opinions, including those cited above, are evidence of our intent not to repeat our past mistakes.

*brosio* as cited by the majority. I would not quash. *D'Ambrosio* also involved separate causes of action in trespass and assumpsit and the Supreme Court did not find a lack of jurisdiction. It is my position that when a party is out of court as to a cause of action the appeal is not interlocutory even though it was asserted in a complaint together with another separate cause of action.