439 A.2d 809

**John G. ROHR and Helen T. Rohr, H/W Individually, and John G. Rohr, Administrator of the Estate of Jacquelyn A. Rohr, Deceased,**

v.

**KEYSTONE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 19, 1981.

Filed Jan. 8, 1982.

Dean B. Stewart, Jr., Norristown, for appellant.

Bernard J. McLafferty, Norristown, for appellees.

Before PRICE, MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Court of Common Pleas of Montgomery County granting appellees' motion for partial summary judgment. For the reasons stated below, the instant appeal is quashed.

Appellees, on August 28, 1979, filed a complaint in assumpsit against appellant to recover work loss and survivor's loss benefits as provided under Pennsylvania's No-Fault Motor Vehicle Insurance Act.[1] Subsequently, appellant filed an answer, new matter, and a counterclaim. Appellees filed a reply to the new matter and, in addition, filed a request for admissions from appellant.

On March 28, 1980, appellees, receiving no answer or objection to their request for admissions, filed a motion for partial summary judgment asking the court to award them the full limit of work loss benefits less sums already paid by appellant.

On May 1, 1980, the lower court entered an order granting appellees' motion for partial summary judgment pursuant to Montgomery County local Rule of Civil Procedure No. 302(d). This rule requires the filing of a responsive brief within thirty (30) days from the filing of the moving party's brief. Since appellant failed to file its brief within such time, the lower court entered its order granting appellees' partial summary judgment in the amount of $14,166.57 on the work loss benefits issue.[2]

On May 7, 1980, appellant's request to the court to rescind its order was denied, and on May 27, 1980, the court also denied appellant's petition for reconsideration. On May 29, 1980, appellant filed this appeal.

Although neither party on appeal has challenged the jurisdiction of this court to resolve this matter, it is fundamental that neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Giannini v. Foy*, 279 Pa.Super. 553, 554, 421 A.2d 338,

1. Act of July 19, 1974, P.L. 489, No. 176, Art. 1, § 101, 40 P.S. §§ 1009.101 et seq.

2. The $15,000 total coverage for work loss benefits was reduced by the sum of $833.43 paid by appellant for work loss incurred by appellees' decedent prior to her death.

339 (1980). Therefore, we shall consider the issue of the appealability of the trial court's order sua sponte. *Mackanick v. Rubin*, 244 Pa.Super. 467, 473, 368 A.2d 815, 818 (1976).

In *Bagshaw v. Vickers*, 286 Pa.Super. 246, 428 A.2d 664, 665 (1981), our court aptly stated the law concerning this court's jurisdiction over orders entered by the lower court as follows:

This court has jurisdiction over "all appeals from *final orders* of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 172, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). "In determining what constitutes a final order we . . . look to 'a practical rather than technical construction' of an order." *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). "A final order is one which ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974)." *Pugar v. Greco*, 483 Pa. at 73, 394 A.2d at 544–45. On the other hand, "an order is interlocutory and not final unless it effectively puts litigant 'out of court.'" *Giannini v. Foy*, 279 Pa.Super. at 556, 421 A.2d at 339 (citations omitted).

■ The trial court's order granting the appellees' motion for partial summary judgment did not end the litigation or dispose of the *entire* case. In its order the trial court determined only the issue of work loss benefits. Still remaining to be adjudicated is the issue of survivor's loss benefits as raised in two counts of the appellees' complaint. The trial court's order, therefore, is interlocutory, and not properly before us. See *Giannini v. Foy,* supra; *Shaefer v. American States Gas Co.*, 272 Pa.Super. 67, 414 A.2d 672 (1979).

Appeal is quashed.

PRICE, J., did not participate in the consideration or decision of this case.