440 A.2d 1212

**Edwin J. and Vivian D. MEISSNER, as Co-Administrators of the Estate of Edwin S. Meissner, Deceased, Appellants,**

v.

**Gregory A. HACKENBURG.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Jan. 29, 1982.

that the stay had been crossed out, not that the court lacked the power to grant it.

Andre Delgalvis, Williamsport, for appellants.

Ambrose Campana, Williamsport, for appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

Appellants filed a complaint containing wrongful death and survival counts following the death of their son which resulted from a motor vehicle accident. Appellee filed preliminary objections to the complaint alleging, in effect, that appellants' recovery is limited to that provided by the No-Fault Motor Vehicle Insurance Act [1] and that appellants had not averred facts sufficient to show that they were entitled to recovery. The preliminary objections were sustained in part and appellants were directed to file an amended complaint. Following an amendment, appellees filed a motion for partial summary judgment. The motion was granted resulting in a judgment in favor of appellees as to the wrongful death count.

Because the appeal is interlocutory, we must quash.

In the recent case of *Mitchell v. Center City Cadillac*, 287 Pa.Super. 350, 430 A.2d 321 (1981), this Court held that an order dismissing some, but not all, counts of a complaint does not end the litigation. Such an order is therefore not final. We wrote:

This court has jurisdiction over "all appeals from *final orders* of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (emphasis added). "In determining what constitutes a final order we ... look to 'a practical rather than technical construction' of an order." *Pugar v. Greco*, 483 Pa. 68, 73, 394

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq.

42

A.2d 542, 545 (1978) (citation omitted). "A final order is one which . . . ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 404, 319 A.2d 677, 678 (1974)." *Pugar v. Greco,* 483 Pa. at 73, 394 A.2d at 545. "[A]n order is interlocutory and not final [, however,] unless it effectively puts the litigant 'out of court.'" *Giannini v. Foy,* 279 Pa.Super. [553] at 556, 421 A.2d [338] at 339 (citations omitted).

Id., 287 Pa.Super. at 353, 430 A.2d at 322.

Appeal quashed.