445 A.2d 160

**Ken MILLER and Jane Miller**

v.

**Samuel JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 27, 1982.

Filed April 30, 1982.

Robert J. Beirne, Athens, for appellant.

Ken and Jane Miller, Sayre, appellees, in pro. per.

Before WIEAND, CIRILLO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal filed from an order denying appellant's petition for counsel fees and preliminary objections to appellees' complaint. Because the appeal is interlocutory, we quash.

The facts are undisputed. On November 26, 1980, appellees filed their complaint in assumpsit demanding judgment in the amount of $1,000.00 principal, plus interest, in the amount of $1,400.00, and continuing interest at the rate of 10% per month to the date of judgment. Attached to the complaint was the following note which formed the basis of the instant dispute:

"On September 21, 1979 I Samuel D. Jackson barrowed [sic] ($1000) one thousand dallors [sic] from Ken Miller and Jane Miller.

The money will be paid back with ten percent interest (10%) in one month.

Amount paid back will be one thousand one hundred dollars ($1,100)[.]

/s/   Samuel Jackson".

Thereafter, appellant filed preliminary objections requesting that the complaint be dismissed because it demanded usurious interest in violation of Pennsylvania's usury statute and requesting counsel fees, as provided for by certain sections of the statute.[1] After argument on the preliminary objections (during which counsel for appellees stipulated that he was willing to accept *simple six per cent interest*), appellant filed separately a "PETITION FOR COUNSEL FEES" demanding that the court award "payment of attorney's fees in the amount of $414.00." (Record No. 7 at 3) The lower court then issued its order of April 6, 1981:

## ORDER

AND NOW, this 6th day of April, 1981, Defendants' [sic] Preliminary Objections to Plaintiff's [sic] complaint are hereby denied as Plaintiff's [sic] attorney has abandoned his claim for excess interest as set forth in his statement filed January 8, 1981, Defendants [sic] petition for counsel fees is hereby denied, *and Defendant shall have (20) days from the service hereof to file an answer to the complaint herein.*

BY THE COURT:
/s/ Donald O'Malley P. J.
34th Judicial District
Specially Presiding

(Record No. 11) (emphasis added).[2]

Appellant elected not to file an "Answer to complaint" and, instead, filed the instant appeal.

1. 41 Pa.C.S.A. § 201 *et seq.* We observe that a borrower or debtor may be entitled to recover attorney's fees under Section 503 and 504 of the Act. The Act of January 30, 1974, P.L. 13, No. 6 § 501 *et seq.*

2. The April 6th court order was filed on "April 20, 1981 at 10:40 a. m." (Record No. 16). However, the docket entries show that an identical order was filed with the trial court's opinion on June 10, 1981. The record also discloses that on May 29, 1981, a date more than twenty days beyond the issuance of the original order, judgment was entered by the Prothonotary's Office of Bradford County against appellant in the amount of $1,100.00 with costs and interest, no answer having been filed by appellant.

On appeal, appellant argues that the trial court erred in refusing to award counsel fees for the cost of defending against a claim for alleged usurious interest. However, this Court must address initially the scope of review to be applied in the case before us.

Although not raised by appellees, we raise the question of appealability of the lower court's order *sua sponte*, since neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Mitchell v. Center City Cadillac*, 287 Pa.Super. 350, 430 A.2d 321, 322 (1981); *Giannini v. Foy*, 279 Pa.Super. 553, 421 A.2d 338, 339 (1980). This Court has jurisdiction over "all appeals from final orders of the courts of common pleas." *See* 42 Pa.C. S.A. 742. A final order is an order which either terminates the litigation or disposes of the entire case. *Mitchell v. Center City Cadillac, supra; Giannini v. Foy, supra.*

Instantly, when appellant filed his appeal, he had been granted leave to file an answer to the complaint within twenty days of the order dismissing his preliminary objections. Thus, it is clear that he was not at that time "out of court." *Bagshaw v. Vickers*, 286 Pa.Super. 246, 428 A.2d 664 (1981); *Mims v. City of Philadelphia*, 267 Pa.Super. 129, 406 A.2d 552 (1979). Obviously, appellant could have resumed the litigation in the court below without waiving or surrendering any issue properly preserved for appeal subsequent to the final disposition of the case in the court below.

However, because, at the time of the filing of the instant appeal, appellant was not "out of court," the appeal is interlocutory.[3] Additionally, we note that the lower court did not certify the appeal to this court, nor is this appeal authorized by any statute. See 42 Pa.C.S.A. § 702. Accordingly, the appeal taken to this Court is quashed.

**3.** Indeed, in his brief, counsel for appellant acknowledges that this appeal may be interlocutory but argues that the effect of the lower court's order is final because the "defendant is denied access to legal defense". Brief for Appellant at 5. This argument is unsupported by the record, statute, rule of court or case law.