449 A.2d 705

**Thomas MOODY, Appellant**

**v.**

**ALLSTATE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1981.

Filed Aug. 13, 1982.

316

Barry Adelman, Philadelphia, for appellant.

James M. Marsh, Philadelphia, for appellee.

Before McEWEN, JOHNSON and WATKINS.

PER CURIAM:

Thomas Moody (Appellant) filed a multi-count complaint in both trespass and assumpsit against Allstate Insurance Company, (Appellee) seeking recovery for injuries sustained in December 1978 as a result of Appellant having been struck, while a pedestrian, by an automobile operated by the Appellee's insured. A Petition to Compel [Appellee] to Pay Personal Injury Protection Benefits had been filed in the lower court previous to the filing of the instant complaint. All the pleadings in that earlier proceeding were incorporat-

ed into the First Count of the present action, which count was styled, "Complaint in Assumpsit."

The Second Count of the Complaint, which was styled "Complaint in Trespass," sought punitive damages for the alleged failure to make timely payment of No-Fault benefits claimed by Appellant. The trial court granted Appellee's Motion for Summary Judgment, and struck the Second Count of the Complaint consisting of paragraphs 11 through 17 only. It is from the order granting summary judgment as to the second count that this appeal is taken.

■ Although not raised by either party, we will raise the question of appealability of the lower court's Order *sua sponte*, as neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Tunstall v. Penn Federal Savings and Loan Association*, 287 Pa.Super.Ct. 511, 430 A.2d 1007 (1981); *Mitchell v. Center City Cadillac*, 287 Pa.Super.Ct. 350, 430 A.2d 321 (1981).

■ This court has jurisdiction over "all appeals from *final* orders of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). "In determining what constitutes a final order we . . . look to 'a practical rather than technical construction' of an order." *Tunstall v. Penn Federal Savings and Loan Association; id.*, 287 Pa.Superior Ct. at 514, 430 A.2d at 1009, *quoting Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). A final order is an order which either ends the litigation or disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974); *Tunstall v. Penn Federal Savings and Loan Association, supra; Mitchell v. Center City Cadillac, supra.*

■ An order dismissing some but not all counts of a multi-count complaint is interlocutory, as appellant has not been put "out of court." *Evans v. Government Employees Insurance Company*, 291 Pa.Super.Ct. 342, 435 A.2d 1258 (1981); *Mitchell v. Center City Cadillac, supra; Bagshaw v. Vickers*, 286 Pa.Super.Ct. 246, 428 A.2d 664 (1981).

■ In the instant case, the lower court struck only the paragraphs set forth in the second count of the Complaint, leaving paragraphs 1 through 10 for later disposition by the parties or the court. While both Appellant and Appellee urge us to review whether a court may assess punitive damages upon failure of timely payment of No-Fault benefits, we expressly refuse to do so. The record on this appeal leads to the inescapable conclusion that the order striking only a part of Appellant's claims does not constitute a final order, and would not end the litigation nor dispose of the entire case. Therefore, the appeal is interlocutory.

Accordingly, the appeal from the Order dated April 16, 1981 is quashed.