453 A.2d 1043

Jerome H. GERBER, Charles W. Johnston, Jr., Elliott A. Strokoff and James L. Cowden,

v.

Ira H. WEINSTOCK, Appellant.

Ira H. WEINSTOCK,

v.

Jerome H. GERBER, Charles W. Johnston, Jr., Elliott A. Strokoff and James L. Cowden, Appellants.

Superior Court of Pennsylvania.

Argued June 22, 1981.

Filed Dec. 17, 1982.

12

---

Heath L. Allen, Harrisburg, for Weinstock, appellant (at No. 147) and appellee (at No. 148).

Ronald M. Katzman, Harrisburg, for Gerber et al., appellants (at No. 148) and appellees (at No. 147).

Before PRICE, JOHNSON and SHERTZ, JJ.

JOHNSON, Judge:

On December 27, 1978, an Application for Winding Up Affairs of a Partnership was filed by four attorneys who, at one time, had been engaged principally in the practice of labor law in Harrisburg. The application sought an accounting and the appointment of a receiver in accordance with the Uniform Partnership Act of 1975.[1] A fifth attorney, the named defendant, answered with new matter and a counterclaim.

A receiver was appointed to wind up the affairs of the partnership and to submit an advisory opinion to the chancellor relative to the disposition of the counterclaim. On April 9, 1980, the receiver filed his Report with the equity court, which contained certain conclusions of law with respect to the relationship between the parties, determined that no damages were due the defendant on his counterclaim, and found that a sixth attorney, a former partner of one of the plaintiffs and the defendant, inter alios, was a creditor of the partnership subject to dissolution and entitled to payment as such in an amount determined by his contract with the partnership.

---

[1]. Act of December 19, 1975, P.L. 524, No. 155, § 1, 59 Pa.C.S.A. § 301 *et seq., see* 59 Pa.C.S.A. §§ 351–365.

So far as the record and the Receiver's Report would reveal, there has been no formal accounting filed with the equity court, nor does the Receiver's Report contain any specificity with respect to the assets and proceeds of the partnership, the monies collected by the receiver, or a schedule of debts and liabilities found to be due by the receiver.

Exceptions to the Receiver's Report were filed by both the plaintiffs and the defendant. On July 1, 1980, the chancellor filed his opinion, upholding the bulk of the receiver's findings and conclusions. The chancellor, however, concluded that the name of the sixth attorney was an asset of the successor partnership, that the value of the asset had not been clearly established, but that the defendant was, in fact, entitled to relief on his counterclaim. The Order of the chancellor, filed the same day, set forth in its entirety:

## ORDER

AND NOW, July 1, 1980, the above captioned case is remanded to the receiver for the purpose of effecting distribution and termination consistent with this opinion.

It is from this order that both sides have brought their respective appeals. Because we find that the order remanding the proceedings to the receiver for the purpose of taking additional testimony is not a final and appealable order, these cross-appeals must be quashed.

We note that Rule 1530 of the Pennsylvania Rules of Civil Procedure provides that any pleading demanding relief may include a demand for an accounting and that the within plaintiffs included such a prayer in their original Application. The chancellor, in his order of May 2, 1979 appointing the receiver, expressly directed that the receiver obtain an accounting, collect all monies which may be due the partnership, pay the debts and liabilities and settle the accounts among the partners. The chancellor acknowledged in the trial court opinion that the receiver had filed a report "dealing with the issues raised in the pleadings." We, however, do not view the findings of fact, discussion, and

conclusions of law contained in the Receiver's Report as fulfilling the receiver's duties as contained in the chancellor's order appointing the receiver.

Both Pa.R.C.P. Nos. 1530 and 1533 contemplate the filing of a formal account to which exceptions may be filed. After the disposition of the exceptions, it is the *equity court* which enters a decree granting judgment in the amounts shown to be due. And it is from such a final decree *of the equity court* that an appeal would properly lie to this court.

Neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Tunstall v. Penn Federal Savings and Loan Association,* 287 Pa.Super. 511, 430 A.2d 1007 (1981); *Mitchell v. Center City Cadillac,* 287 Pa.Super. 350, 430 A.2d 321 (1981).

This court has jurisdiction over "all appeals from *final* orders of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). "In determining what constitutes a final order we ... look to 'a practical rather than technical construction' of an order." *Tunstall v. Penn Federal Savings and Loan Association,* 287 Pa.Super. at 514, 430 A.2d at 1009, *quoting Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). A final order is an order which either ends the litigation or disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 319 A.2d 677 (1974); *Tunstall v. Penn Federal Savings and Loan Association, supra; Mitchell v. Center City Cadillac, supra.*

In the instant case, the chancellor did not have before him a proper account to which exceptions could be taken and upon which a final decree could be entered. That the receiver had not completed his tasks is clear from the fact that the chancellor remanded the matter to permit the receiver to take additional testimony, if necessary, and to place a proper valuation upon the name of the sixth attorney. While the conclusions of law advanced by the receiver in his Report may be a necessary prerequisite to the prepa-

ration of an account setting forth the respective assets, liabilities, and partnership interests, those conclusions do not constitute an acceptable substitute for the formal accounting contemplated by Subchapter F of the Uniform Partnership Act (59 Pa.C.S.A. §§ 351–365). Moreover, without a formal account being filed in the equity court by the receiver, the proper foundation for confirmation and a final decree of the chancellor does not exist.

We note that the law partnership here under review had been formed in 1972, and that over a period of six years, the partners had changed and various associates had been brought into the firm. We further note that, as of the filing of the Receiver's Report on April 9, 1980, the partnership had not filed a Partnership Return of Income (IRS Form 1065) for the taxable year ending December 31, 1978. This does not detract, however, from the receiver's responsibility and authority to secure an accounting of the assets and proceeds of the partnership as of the date of dissolution and to file with the chancellor a full account setting forth the assets, debts, liabilities, and interests of all the parties as of the dissolution date.

We need not rest our conclusion on the technical effect of the chancellor's decree ordering remand, since our examination of the ramifications of the adjudication, the failure of the equity court to actually rule upon the specific interests of the parties and the lack of an account subject to review, exceptions and confirmation are all factors compelling a conclusion that we do not, at this stage, have before us a final, reviewable order.

The record on this appeal leads to the inescapable conclusion that the order remanding the proceedings to the receiver does not constitute a final order, and would not end the litigation nor dispose of the entire case. Therefore, the appeal is interlocutory.

Accordingly, the cross-appeals at Nos. 147 and 148 Harrisburg 1980 from the order date July 1, 1980 are quashed.

SHERTZ, J., did not participate in the decision or consideration of this case.