453 A.2d 1054

**Michael EPSTEIN, Appellant,**

**v.**

**STATE FARM INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed Dec. 23, 1982.

Allen L. Feingold, Philadelphia, for appellant.

Alan Dion, Philadelphia, for appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

PER CURIAM:

This appeal is from an order sustaining preliminary objections and dismissing the second count of a two count complaint. The first count was in assumpsit alleging a cause of action for overdue benefits under a no-fault motor vehicle insurance policy. The second count was in trespass alleging that appellee's failure to pay was willful, intentional, reckless and wanton, designed to harass and frustrate appellant.

Our disposition of this case is controlled by *Evans v. Government Employees Insurance Company*, 291 Pa.Superior Ct. 342, 435 A.2d 1258 (1981):

> We have repeatedly held that an order dismissing some but not all of the counts in a multi-count complaint is interlocutory and not appealable because appellant is not out of court. *Mitchell v. Center City Cadillac*, 287 Pa.Super. 350, 430 A.2d 321 (1981); *Bagshaw v. Vickers*, 286 Pa.Super. 246, 428 A.2d 664 (1981); *Giannini v. Foy*, 279 Pa.Super. 553, 421 A.2d 338 (1980). We have so held at least twice with regard to appeals from lower court orders sustaining preliminary objections to trespass

counts in complaints in exactly the same form as the one here—an assumpsit count claiming no-fault benefits and trespass counts alleging that the non-payment was tortious. *Brandon v. State Farm Insurance Company*, 284 Pa.Super. 399, 425 A.2d 1163 (1981); *Gurnick v. Government Employees Insurance Company*, 278 Pa. Super. 437, 420 A.2d 620 (1980). Therefore, this appeal as well must be quashed as being an appeal from an interlocutory order not permitted by statute, general rule, or by permission following certification by the lower court. 42 Pa.C.S.A. §§ 702, 742; Pa.R.A.P. 301–312.

*Id.*, 291 Pa.Superior Ct. at 343, 435 A.2d at 1258–1259.[1]

■ We note that appellee did not raise the issue of non-appealability, but we are compelled to address the issue *sua sponte* and quash the appeal. *Napet, Inc. v. John Benkart & Sons Company*, 288 Pa.Superior Ct. 187, 431 A.2d 351 (1981).

Appeal quashed.

**1.** For the convenience of the parties we refer them to the Pennsylvania Supreme Court decisions in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981), and *Smith v. Harleysville Insurance Company*, 494 Pa. 515, 431 A.2d 974 (1981) on which authority we would affirm the lower court's order were this issue before us on the merits.