## White v. Erie Indemnity Company

*John A. Miller,* for plaintiff.
*Samuel C. Holland,* for defendant.

WALKO, *J.,* June 1, 1983—Currently before the court for disposition are preliminary objections in the nature of a demurrer filed by defendant to plaintiff's complaint wherein plaintiff is seeking compensatory damages, punitive damages and counsel fees for the prosecution of this action based upon the alleged breach of an automobile insurance policy by defendant under which plaintiff's decedent was insured.

In ruling on preliminary objections in the nature of a demurrer, our appellate courts have held that

such objections admit as true only such facts as are well pleaded, material, and relevant and only such inferences as are reasonably deducible from such facts. A demurrer admits neither conclusions of law nor inferences unwarranted by the admitted facts nor argumentative allegations nor expressions of opinion. Such objections will be sustained only in those cases which are clear and free from doubt if to sustain them would result in the denial of the claim or dismissal of the suit. Hyam v. Upper Montgomery Joint Authority 399 Pa. 446, 160 A.2d 539 (1960), *cert. denied* 364 U.S. 288, 81 S. Ct. 50, 5 L. Ed. 2d 38 (1960). The test is not whether the applicable law is clear and free from doubt, but whether it is clear and free from doubt from the facts pleaded that the pleader will be unable to prove legally sufficient to establish his right to relief. The role of a court in ruling on preliminary objections in the nature of a demurrer is to determine whether or not the facts pleaded are legally sufficient to permit the action to continue. Firing v. Kephart 466 Pa. 560, 353 A.2d 833 (1976).

With these concepts as a guidepost and for the reasons set forth below we conclude that plaintiff has pleaded sufficient facts to allow the action to continue. We therefore overrule defendant's demurrer and dismiss their preliminary objections.

The pertinent facts at this stage are as follows: Plaintiff's decedent was the driver of an automobile which was involved in a collision on August 7, 1975 in which plaintiff's decedent and his two passengers were killed. The estates of the deceased passengers brought suit against plaintiff's decedent. Defendant, in accordance with the provisions of the automobile liability insurance policy under which plaintiff's decedent was insured at the time of the collision provided a defense against the claims. Un-

der the provisions of the policy the bodily injury liability limits were $25,000 per person. Prior to trial, defendant failed to accept offers made by the estates of the deceased passengers to settle their claims within the policy limits. In rejecting these settlement offers, defendant ignored the advice of the attorney it had retained to represent both its interests and the interests of plaintiff's decedent in the defense of those claims filed by the decedent's estates. The action proceeded to trial where defendant offered no evidence as to liability or damages. Following trial, the jury returned verdicts in favor of each estate and against plaintiff in the amount of $170,000 apiece. These verdicts and the judgments entered thereon were ultimately affirmed by the Pennsylvania Supreme Court. As of August 24, 1982, plaintiff alleges that she has become indebted to the estates of the two decedents in the amounts of $424,037.40. She further alleges that even after the judgment had been affirmed, defendant did not pay or tender to the estates of the deceased passengers the bodily injury coverage available to compensate them.

Plaintiff's complaint alleges that defendant insurance company acted intentionally, recklessly, wantonly, oppressively and outrageously by breaching its fiduciary duty and obligation to its insured by failing to exercise good faith in the settlement and defense of the claims made against the insured. Plaintiff therefore seeks punitive and compensatory damages against defendant on theories of bad faith and violation of the Unfair Insurance Practices Act. (40 Pa.C.S.A. §1171.1 et seq.)

Plaintiff has also filed a claim for counsel fees in the prosecution of this action alleging dilatory, obdurate, and vexatious conduct on the part of defendant as well as bad faith.

As to plaintiff's claim for punitive damages, defendant has demurred citing the Pennsylvania Supreme Court holding in D'Ambrosio v. Pennsylvania Mutual Casualty Insurance Co. 494 Pa. 501, 431 A.2d 966 (1981). There the court, in rejecting a claim for punitive damages and a claim for emotional distress arising from the denial of an insured's claim by his insurance carrier stated:

'[t]here is no evidence to suggest, and we have no reason to believe, that the system of sanctions established under the Unfair Insurance Practices Act [Act of July 22, 1974, P.L. 589, §1 et seq. (Supp. 1980)], must be supplemented by a judicially created cause of action. As one critic of California's approach has observed,

'[t]he California courts have created this "new tort" in an obvious attempt to afford more protection to insureds. However, it has not really established that there is a need for additional protection. * * * State insurance departments are intended to serve the public and handle complaints from insureds as to insurer practices on a regular basis. Likewise, state legislatures are capable of prohibiting what are considered to be unfair claims handling practices and of imposing penalties for violations.' Kircher, Insurer's Mistaken Judgment — A New Tort?, 59 Marq. L. Rev. 775, 786 (1976). Surely, it is for the Legislature to announce and implement the Commenwealth's public policy governing the regulation of insurance carriers. In our view it is equally for the legislature to determine whether sanctions beyond those created under the Act are required to deter conduct which is less than scrupulous.' Id. 494 Pa. at 508, 431 A.2d at 970.

D'Ambrosio has since been cited as controlling or with approval in Evans v. Government Employees Insurance Co., 291 Pa. Super. 342, 435 A.2d 1258

(1981), Nazer v. Safeguard Mutual Insurance Company, 292 Pa. Super. 385, 439 A.2d 165 (1981), and Myers v. U.S.A.A. Casualty Insurance Co. 298 Pa. Super. 366, 444 A.2d 1217 (1982).

Our reading of D'Ambrosio and the above cited cases leads us to the conclusion that those cases are not applicable to the fact situation pleaded by plaintiff in support of her theory of recovery.

In D'Ambrosio, the court confronted a situation involving an insurance carrier's alleged bad faith in failing to adjust a claim made by its insured for damages sustained by a motor boat and outboard motor which were damaged as the result of a severe storm. D'Ambrosio and the above cases involved direct actions by the insured against insurance companies wherein the parties were in an adversarial position from the beginning. Our appellate courts did not and have not addressed the issues of whether similar results would obtain where an insurance company has assumed a fiduciary obligation involving the negotiation of claims made by third parties against its insured or of whether the Unfair Insurance Practices Act creates a cause of action in favor of a member of the protected class against an insurance company which violates the provisions of the Act. It would be unconscionable to leave this plaintiff to face a judgment in excess of $400,000 where she purchased insurance coverage in good faith only to later find that her insurer breached its obligation to her and then exposed itself to no more than a $5,000 civil penalty under the Unfair Insurance Practices Act.

Under the facts pleaded by plaintiff, it is not clear and free from doubt that she will be unable to prove facts legally sufficient to establish her right to relief. We conclude that the facts alleged by plaintiff in her complaint are sufficiently distinguishable from

those on which the court based its decision in D'Ambrosio to allow her to continue with her action for punitive and exemplary damages.

Defendant has also demurred to plaintiff's complaint wherein plaintiff seeks counsel fees under 42 Pa. C.S.A. §2503 (7) and (9) for the prosecution of this action. 42 Pa. C.S.A. §2503 provides: The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

Plaintiff's claim for cousel fees is closely tied in with her claim for punitive damages, i.e. bad faith and breach of fiduciary duty. If plaintiff can prove bad faith on the part of the defendant in failing to negotiate a reasonable settlement of the claims that had been made aginst her, then it seems only proper that an award of counsel fees should be made. To do otherwise would only serve to further punish plaintiff and reward defendant economically for defendant's bad faith if such conduct can be proven.

Furthermore plaintiff has alleged dilatory, obdurate and vexatious conduct on defendant's part in defendant's failure to tender the policy limits plus interest even though liability is clear and undisputable. Again, we conclude that if proven counsel fees should be awarded under the code.

For the above reasons, we conclude that defendant's demurrer must be overruled.