484 A.2d 177

**Edwin G. ROBSON and Elizabeth Robson, His Wife, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, and Harry J. Bechman, III, An Individual.**

Superior Court of Pennsylvania.

Argued June 20, 1984.

Filed Nov. 9, 1984.

Paul L. Hammer, Pittsburgh, for appellants.

Thomas F. Weis, Pittsburgh, for appellees.

Before TAMILIA, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Plaintiff-Appellants instituted the instant action in assumpsit, seeking to recover certain medical payments from the Defendant-Appellees, the Appellants' No-fault automobile insurance provider, and one of its employees. After proceedings which will be more fully discussed later in this Opinion, the lower court *en banc* entered an order granting the Appellees' motion for summary judgment with regard to a part of the Appellants' claims. The remainder of the Appellants' claims were then rejected, just before trial, by the entry of a compulsory non-suit by the trial judge. On this appeal, the Appellants challenged the propriety of the summary judgment as well as the non-suit entered against them.

The record shows that on February 27, 1981, the minor daughter of the Appellants received personal injuries in an automobile accident. At the time, the Appellant Mr. Robson was a named insured in a policy of No-fault automobile insurance issued by the Appellee, State Farm Mutual Automobile Insurance Company. Normally, there would be no question that the Appellants' injured minor daughter would be eligible for medical payments coverage under the terms of such a No-fault policy. However, at some time prior to February 27, 1981, Mr. Robson apparently elected to have medical insurance provided through his employment be the primary coverage for any medical expenses incurred as a result of injuries arising from the use of a motor vehicle, which would otherwise be reimbursable under the Personal

Injury Protection portion of the No-fault automobile insurance policy then issued by the Appellee, State Farm.

After the accident in which his daughter was injured, Mr. Robson had a series of discussions with the Appellee Harry J. Bechman, III, a representative of State Farm. During these discussions Mr. Bechman, on one or more occasions, allegedly advised Mr. Robson that State Farm would pay him amounts for medical benefits, equivalent to the bills which had been or would be incurred by the Appellants' daughter as a result of her February 27, 1981 injuries. Subsequently, some months later, the Appellee insurer, through Bechman, advised Mr. Robson that State Farm would not make such payments, and took the position that the Appellants' health insurance coverage was primarily responsible, and should pay the bills.

The Appellants, as noted above, sought in this action to recover No-fault automobile insurance benefits, pursuant to their contract of insurance with State Farm, and alternatively, sought such a recovery against State Farm on a theory of estoppel, maintaining that they had detrimentally relied upon the assurances of payment which had been made. In that regard, they alleged they had incurred large debts, relying upon the expectation that State Farm was going to pay the amount of the medical bills. The Appellants also sought to recover damages from State Farm's representative, Mr. Bechman, on a theory which Appellants described as "breach of warranty of authority".

Prior to trial, both the Appellants and the Appellees filed motions for summary judgment. On November 10, 1982, the lower court *en banc* issued an order, denying the motion filed by the Appellants, but partially granting summary judgment to the Appellees, to the extent that the court determined as a matter of law that the Appellants' non-automobile medical insurance coverage was to be the primary source of coverage for the minor daughter's medical expenses. In its order, the lower court *en banc* noted its conclusion that the doctrines of waiver or estoppel could not create an insurance contract where none otherwise

existed. The court dismissed the Appellants' claims based upon such theories. Further, the court *en banc* ordered that the case proceed to trial on the question of whether or not there were any remaining medical expenses of the Appellants' minor daughter for which coverage had not been provided under the Appellants' medical insurance coverage.

The Appellants filed "exceptions" to the lower court's November 10, 1982 order. By another order dated December 16, 1982, the lower court *en banc* elected to treat the "exceptions" as a motion for reargument and reconsideration, which it summarily rejected. Further, it also denied the Appellants' request to have the case certified pursuant to 42 Pa.C.S.A. § 702(b), refusing to declare that the case involved a controlling question of law as to which there was a substantial ground for difference of opinion, and also refusing to declare that an immediate appeal from their order might materially advance the ultimate termination of the matter. While the court *en banc* did not prepare any opinion, its Order briefly explained the rationale for its conclusions and made reference to court decisions upon which it relied in reaching such conclusions.

On February 8, 1983 the remaining issues in the case were scheduled for jury trial. However, after the Appellants submitted an offer of proof, the trial judge entered a compulsory non-suit against them. The trial judge simultaneously permitted the Appellants to file an oral motion to take off that compulsory non-suit, which the trial judge then denied. The trial judge further waived *en banc* argument on the motion to take off the compulsory non-suit, apparently because he felt that the matter had already been argued before the court *en banc* on the motion for summary judgment. In a written order, the trial judge noted that it was his purpose to certify the case for immediate appeal. No Opinion was prepared by the trial judge to explain the rationale for his decision. Unlike the court *en banc*, the trial judge did not provide any written explanation of the factual or legal basis for his actions. After entry of judg-

ment for the Appellees in the lower court, the Appellants filed the instant appeal.

Before discussing other issues presented on this appeal and troublesome procedural problems confronting our Court with regard to those issues, it is first appropriate that we address the claim by the Appellees that the Appellants failed to take a timely appeal from the summary judgment order of the court *en banc*. That order, as discussed above, declared as a matter of law that the Appellants' claims based upon the doctrines of estoppel or waiver could not be maintained. Although it appears that in the lower court the Appellees successfully contested the Appellants' efforts to bring that decision up for immediate appellate review, they now strenuously maintain that the Appellants failed to file a timely appeal from the same order. Such tactics are not useful, and are worthy of criticism. Moreover, the Appellees' present position is obviously devoid of arguable merit.

■ The lower court *en banc* granted only partial summary judgment, and ordered the case to proceed to trial on remaining issues which were not resolved by the granting of the summary judgment. Also, the court *en banc* refused to certify that its order was appropriate for immediate appellate review. Our Court has refused to consider comparable appeals in the past which have arisen from the grant of a partial summary judgment, or its equivalent, when other matters in the case remained for resolution in further proceedings in the lower court. See *Epstein v. State Farm Insurance Company*, 308 Pa.Super. 33, 453 A.2d 1054 (1982) and *Williams v. Erie Insurance Exchange*, 290 Pa.Super. 279, 434 A.2d 752 (1981), and other decisions cited in both cases. Thus, we reject the assertion that the Appellants have waived the right to challenge the lower court's summary judgment decision on appeal.

Unfortunately, that holding does not resolve other problems which are evident to us regarding appellate review in the instant case. As discussed earlier, the court *en banc* directed a trial to proceed on the question of the Appellants' claims for medical expenses which were not covered by Mr.

Robson's medical insurance, but were not paid by State Farm under the No-fault coverage. The trial court, in a colloquy with counsel at the time it orally announced a non-suit, declared that the matter of unpaid medical bills would best be determined by discussions between counsel. The court stated that it would be "judicially inefficient" to have a jury determine such matters. The Appellants, while protesting that decision, also argued against the lower court's refusal to permit a jury to consider a claim for counsel fees and costs which had been asserted in the Appellants' Complaint.

Because there is no written trial court opinion in this case, and the colloquy does not adequately disclose the legal or factual rationale for the lower court's order for a non-suit, we have no basis for any determination as to the propriety of the trial court's order for a non-suit, or its refusal to submit these issues to a jury. Reasonable conjecture may lead to the conclusion that the trial judge's actions were motivated by a decision on his part that the estoppel and waiver decisions of the court *en banc* were deserving of immediate appellate review, despite the fact that the court *en banc* had refused to certify their decision as deserving of such treatment. Thus, it is clear that the present procedural posture of the case makes it impossible for us to meaningfully review the question of unpaid medical expenses, which the court *en banc* referred to a jury trial. No jury trial took place, and the claim simply has not been resolved in any way by the trial court. It is also evident that neither the court *en banc* nor the trial judge addressed the Appellants' claims against the Appellees for legal fees and costs. Further, the issue of the possible liability of the Appellee Harry J. Bechman, III has never been resolved in any way in the lower court.

The Appellants raised all of these issues in the lower court and again on this appeal. We cannot properly decide them in the present setting of the case. We also cannot resolve the questions raised on this appeal by the Appellants regarding the correctness of the lower court's

order entering summary judgment on the Appellants' estoppel and waiver claims against State Farm because such matters are interlocutory, pending the complete disposition of all issues in the case in the lower court. This case must be remanded to the lower court to address the various problems and questions which remain undecided.

While it appears that a trial may be appropriate to resolve some of the issues presented, we can take no position regarding the possible merit in any of the Appellants' unresolved claims, but will leave those for resolution by such rulings or proceedings as the lower court may deem proper. In view of the likelihood of further trial proceedings, it is not appropriate that we retain jurisdiction. However, in the event of any future appeal by any party, the lower court should furnish an opinion detailing its rationale for any of its rulings or actions which become the subject of appellate review.[1]

The lower court's order of non-suit is vacated and this case is remanded to the lower court for further proceedings consistent with this Opinion. Jurisdiction is not retained.

---

**1.** See Pennsylvania Rule of Appellate Procedure 1925.