566 A.2d 852

James **AFFLECK**, Clara B. Archibald, Agnes Austin, Ruth W. Blackburn, Holbrook G. Botset, Meldrew Boyle, Elsie Breen, Sara S. Brown, Elizabeth S. Brush, Erwin Campbell, Iva Campbell, Thomas Campbell, Lois M. Chamberlain, John Cleland, E. Clifford Ebert, Edna N. Ebert, Betty R. Elliott, Robert Erwin, John Grabe, Grace Grabe, Beatrice Grater, Elizabeth B. Gregg, Ruth N. Hardy, Josephine T. Haught, Naomi V. Henry, Albert Henry, Fern L. High, Grace Holmes, Ruth Howarth, Dorothy Jackson, Wayne R. Jamison, Pauline Jamison, John Latimer, Helen Lutton, Olive McClelland, Martha McGrew, William Moorhead, Dorothy Moorhead, Evelyn O. Nicholas, Agnes R. Peacock, Carl A. Reshenberg, Christine

Rhodes, Charles F. Robinson, Ernest Ruder, Martha Ruder, John G. Samuels, E.P. Schaelchlin, Nelly F. Schaelchlin, Adele C. Schoenberger, Catherine Sherman, Elizabeth M. Silvis, Gladys Spencer, Elizabeth A. Weixel, Grace Weixel, Nora C. Welte, Leslie C. Whitney and Mabel Williamson, Appellants,

v.

ST. BARNABAS, INC.

Supreme Court of Pennsylvania.

Argued Sept. 29, 1989.

Decided Nov. 28, 1989.

Kenneth P. Simon, Phillip S. Simon, Simon & Simon, Pittsburgh, for appellants.

Thomas E. Birsic, James A. Buddie, Kirkpatrick & Lockhart, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

PER CURIAM:

Appeal dismissed as having been improvidently granted.

PAPADAKOS, J., files a dissenting opinion.

LARSEN, J., dissents.

PAPADAKOS, Justice, dissenting.

The appeal in this case arises from a suit for breach of contract brought by Appellants, who are residents of a retirement community, against Appellee, the owner of the retirement community. In their Complaint, Appellants alleged that Appellee had breached its contract with them in that it unreasonably and unnecessarily increased the month-

ly service charges (Count I); attempted to charge the residents for 1984 real estate taxes (Count II); and did not furnish the degree of emergency medical care as contracted for or as advertised (Count III).

Due to the fact that the potential claimants numbered between 250–500, Appellants decided to seek relief as a class rather than as individuals. After the close of the pleadings, a class certification hearing was conducted by the trial judge under Pa.R.C.P. 1707. The result of the hearing was: (1) the denial of class certification on all Counts; (2) the dismissal of Counts I and II of Appellants' complaint; (3) the certification of Count III as an individual action; (4) the certification of Appellee's Counterclaim as an individual action against the named representative Appellant; and (5) the transfer of Appellants' remaining cause of action under Count III to arbitration. The Superior Court affirmed.

Appellants raise two assignments of error. First, they contend that the trial court committed reversible error in dismissing Counts I and II of their Complaint on the merits. For authority, they place reliance upon Pa.R.C.P. 1707(c) and the explanatory notes thereto. In pertinent part this rule states:

(c) The hearing shall be limited to the Class Action Allegations. In determining whether to certify the action as a class action the court shall consider all relevant testimony, depositions, admission and other evidence.

The clarifying comments to this further provide:

The hearing is confined to a consideration of the class action allegations and is not concerned with the merits of the controversy or with attacks on the other averments of the complaint. Its only purpose is to decide whether the action shall continue as a class action or as an action with individual parties only. In a sense, it is designed to decide who shall be the parties to the action and nothing more. Viewed in this manner, it is clear that the merits of the action and the right of the plaintiff to recover are to be excluded from consideration.

With regard to class certification hearings, this Court has said that "whether a suit should proceed as a class action is independent of the question whether plaintiffs have stated a cause of action or whether they can prevail on the merits." *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 405, 319 A.2d 677, 678 (1974). I believe that the trial court's *sua sponte* dismissal on the merits of Counts I and II of the Complaint, as the result of a class certification hearing, was almost certainly error requiring correction by this Court.

Moreover, if we were required to reach the merits of the dismissal of Counts I and II, I have serious doubts that the dismissal was justified. The gravamen of Counts I and II, challenging increased monthly service charges and the imposition of charges for 1984 real estate taxes, depends upon escalation clauses in the original "lease" agreements between the residents and the Appellee allowing an increase in charges where "reasonably necessary." (See the trial court opinion at p. 12). Such broad and imprecise language in contracts for those relatively new entities often referred to as "living care facilities" or "retirement villages" requires careful scrutiny by our courts given the general lack of governmental regulation of such entities at the present time. Summary dismissal on the pleadings seems to me to be unjustified.

Appellants also argue that the trial court committed an abuse of discretion in failing to certify the proceeding as a class action. Again, I think Appellants' argument has sufficient merit to be heard by this Court.

In the trial court's opinion, the basis of the refusal to certify the matter as a class action rested ostensibly upon Appellants' inability to prove the prerequisites of commonality, typicality and predominance of class issues over individual questions. Pa.R.C.P. 1702 and 1708. The evidence at the hearing established that two contracts were involved, one for the residents "leasehold" and one for the provision of medical emergency care. Though not all Appellants contracted for the emergency medical services, all executed

"lease" agreements and the testimony of Appellee's agents showed that no change had been made in the form of either contract during the time frame in question.

In denying class certification as to Count I, and in dismissing it, the trial court relied on the testimony of Appellee's agent, Mr. Day, who testified regarding the calculation of the monthly service charges as follows:

[T]here's a considerable budgetary process ... that is used in order to determine both revenue and expense in a given year. As to how an individual would be affected by it, it would depend on the date of his contract ... the size of his home in which he was living, among other things. (Trial court opinion, at p. 8).

The evidence primarily relied upon in denying class certification as to Count II, and in dismissing Count II, was also based upon evidence submitted by Mr. Day. This was produced in a letter dated December 30, 1984, stating:

Beginning January 1, 1985, [residents] will be charged for the 1984 real estate taxes based on [their] length of stay on the village in 1984. St. Barnabas will pay the interests and penalty on the 1984 tax obligation. [Residents] will be charged for the 1984 and future taxes on the Village property only. (Trial court opinion, at p. 9).

The significance of this letter as a means to assess the appropriateness of Appellants' proceeding as a class was not passed upon by the trial court. Instead, the evidence was essentially used as a weapon with which to attack the underlying merits of Appellants' claim. This was clearly not the intended use for such evidence in a certification hearing.

The trial court's reasoning in denying class certification as to Count III is not stated in that court's opinion.

In my judgment, while individual contracts may each have differed slightly, the *formulae* used to calculate the various increases in charges challenged under Counts I and II were the same thereby establishing the requisite com-

monality, typicality and predominance justifying class certification here.

Because I regard these issues as serious and important, and because they were probably decided incorrectly below, I cannot agree with treating this appeal as having been improvidently granted. Therefore, I dissent.